52 So.2d 880 (1951)
TODD et ux.
v.
NEW AMSTERDAM CAS. CO. et al.
No. 19548.
Court of Appeal of Louisiana. Orleans.
June 12, 1951.
*881 Henriques & Mayo and Harry M. Mayo, Jr., all of New Orleans, for appellees.
Neckley M. Ferris, of Shreveport, Paul P. Garofalo, Albert B. Koorie and Anthony J. Marciante, all of New Orleans, for appellants.
REGAN, Judge.
Plaintiffs, Edgar D. Todd and his wife, instituted this suit against defendants, Herbert H. Denmark, and New Amsterdam Casualty Company, his insurer, endeavoring to recover the sum of $31,111 for the death of their daughter, Wortha Lee, aged three and one half years, which occurred shortly after she was struck by Denmark's automobile.
Defendants filed an exception of "vagueness" which was maintained, thus causing plaintiffs to amend, and then answered admitting that Denmark's automobile "ran over" Wortha Lee Todd resulting in her death, but denying that Denmark was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Mrs. Todd.
From a judgment in favor of defendants dismissing plaintiffs' suit, plaintiffs prosecute this appeal.
The record reveals that on July 1st, 1946, at 6:00 p. m., Mrs. E. D. Todd, accompanied by her daughter, Wortha Lee, who was on her left and her son, Edgar D. Todd, Jr., aged twenty-two months, who was on her right, were walking on the uptown sidewalk of Canal Street in the direction of the lake and towards S. Prieur Street, the situs of the accident. After traversing the intersection of S. Prieur Street she momentarily paused to assist her son over the curbing and onto the sidewalk of Canal Street. Her daughter, who was walking to the left of her mother, remained in the street apparently very close to the curbing. While the foregoing facts were transpiring, defendant Denmark was seated in his 1946 Ford Sedan, which was facing Canal Street, parked one foot from and parallel to the curbing on the lakside of S. Prieur Street and the bumper thereof was approximately three feet from the pedestrian lane and fifteen feet from the Canal Street curbing. Denmark had engaged in a conversation, for approximately five minutes, with E. J. Bonneval, who was seated in a chair under a tree on the sidewalk to Denmark's left, during which interval he awaited Edward H. McGawley, who was to accompany him to the New Orleans Airport. McGawley entered the car and when Denmark was preparing to move forward, he observed Mrs. Todd, for the first time, in front of his automobile, walking slowly and leaning slightly forward. When Mrs. Todd had cleared the front of the car and had reached the lakeside curbing of Prieur Street, Denmark noticed that she was escorting a child. At this point there is a conflict in the testimony as to whether Denmark began the forward movement of his car when Mrs. Todd reached the lakeside curbing, as she insists, or had walked ten to twelve feet in Canal Street as Denmark contends, or had walked three or four feet in Canal Street as Bonneval testified. However, we find as a fact that she and her son were on the curbing and Wortha Lee, the victim of the accident, was still standing in the street, close to the curbing, when she was struck by Denmark's automobile.
Denmark testified that his car had moved forward about four or five feet when he heard Mrs. Todd "scream" and he brought his car to an immediate stop, opened the left front door and observed the child lying prone in the street "parallel to the left front wheel, about a foot from the wheel" and that his left front wheel was approximately eighteen inches from the lakeside curbing of S. Prieur Street. Denmark further testified that the child's body was within the pedestrian lane at the time that he struck her and "after I stooped by the baby, Mrs. Todd came running to the child and as I went to pick it up, she picked it up from me." The fatally injured child was placed in Denmark's automobile and hurriedly driven to the Charity *882 Hospital in the City of New Orleans where she died within fifteen minutes after their arrival. A medical examination disclosed that the child sustained fractures of the second and third cervical vertebræs and cerebral hemorrhage.
Plaintiffs contend that Denmark was negligent "in failing to see what he should have seen; in failing to anticipate the presence of children or persons in the pedestrian crosswalk; in creating a hazardous condition by voluntarily parking his vehicle, a highly dangerous instrumentality, so close to the pedestrian crosswalk as to obstruct his own vision of children or persons lawfully within the crosswalk; in failing to park fifteen feet back of the inner line of the intersecting crosswalk; in failing to yield the right of way to a pedestrian of very tender years who, at an intersection walking in a pedestrian lane had already crossed practically the entire intersection; in failing to give appropriate warning or signal of his intention to place his said vehicle into motion; all contrary to law and the Traffic Ordinance of the City of New Orleans, No. 13702, Commission Council Series."
Defendants maintain that Denmark did everything that a reasonable, ordinary and prudent man would have done under similar circumstances and, therefore, was guilty of no negligence in the premises and, in the alternative, maintain that Mrs. Todd was guilty of contributory negligence in not properly escorting her daughter, Wortha Lee, to a position of safety over the curbing and onto the sidewalk of Canal Street.
The Traffic Ordinance of the City of New Orleans, No. 13702, C.C.S., Article 8, Section 1(f) reads:
"It shall be unlawful for the operator of a vehicle to stop, stand or park such vehicle in any of the following places * * *.

"* * * * * *
"Within 15 (fifteen) feet of the intersection of property lines at a street intersection and at alleys."
The record is absolute, concise and distinct to the effect that Denmark's car was parked in S. Prieur Street parallel to and one foot removed from the lakeside curbing thereof and the front bumper of the automobile was three feet removed from the pedestrian lane and that it was impossible for him to see this child in front of his automobile, because of the height of the hood and the relative size of the child and that he was unable to see a distance of some five to six feet immediately in front of his parked car.
The violation of an ordinance is of no importance in the final analysis of a tort action unless there is a causal connection between its violation and the resulting accident. In the instant case there is a definite and clear cut causal connection between the violation of the aforementioned ordinance and the resulting death of plaintiffs' child. The above quoted ordinance sets forth that it is unlawful for the operator of a vehicle to park "within 15 (fifteen) feet of the intersection of property lines at a street intersection" and the record conclusively establishes as a fact that Denmark, in parking in Prieur Street with the bumper of his car only three feet removed from the pedestrian lane was actively violating this ordinance. Assuming arguendo that Denmark had parked his car in conformity with the provisions of the ordinance, that is, fifteen feet removed from the property line, he could easily have observed the child, irrespective of the height of the hood and the relative size of the child, and thus have avoided the accident.
In view of the fact that we have concluded that Denmark's negligence was the proximate cause of the accident, it remains for us to consider whether Mrs. Todd was guilty of contributory negligence.
We are of the opinion that negligence is not exemplified by the action of a "mother", who is traversing an intersection, through the medium of the pedestrian lane, accompanied by and holding the hands of her two children, one twenty-two months old and the other three and one half years, and upon reaching the opposite curbing, momentarily releases the hand of the elder child, who remained in the street very close to the curbing, while she assisted the *883 younger and less able child to a position of safety onto the curbing.
Todd, the father of the deceased child, has itemized damages incurred by him as follows:-

"Loss of love, affection and
 companionship $ 8000.00
Inherited right of action (pain
 and suffering of deceased) 5000.00
Burial Expenses 111.00
 _________
 $13111.00"
Mrs. Todd itemizes her damages as follows:
"Loss of love, affection and
 companionship $ 8000.00
Inherited right of action (pain
 and suffering of deceased) 5000.00
Mental anguish, nervousness
 & hysteria 5000.00
 _________
 $18000.00"

The element of damages claimed by plaintiffs relative to pain and suffering cannot be considered by us by virtue of the fact that the child was rendered unconscious at the situs of the accident and died fifteen minutes after reaching the hospital and it is, therefore, obvious that the child did not experience conscious pain and suffering, such as would, under our jurisprudence, formulate an adequate basis for the assessment of damages.
The only item of damage claimed on behalf of Mr. and Mrs. Todd which we may, and have considered, other than the claim for burial expenses initiated by Mr. Todd, is for the loss of the child, which per se, includes mental anguish and, therefore, the award for this element of damage is simply cumulative. We are of the opinion that $7,500 distributed $3,750 to each parent is adequate, only in so far as money may make it so, for the death of Wortha Lee Todd, a child three years, six months old, with practically her entire life expectancy before her.
Todd is also entitled to $111 for burial expenses.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Edgar D. Todd and against the defendants, Herbert H. Denmark and New Amsterdam Casualty Company in the sum of $3,861 with interest from judicial demand and all costs.
It is further ordered that there be judgment herein in favor of Mrs. Emma Lee Tatum Todd and against the defendants, Herbert H. Denmark and New Amsterdam Casualty Company in the sum of $3,750 with interest from judicial demand.
Reversed.