REGAN, Judge.
Plaintiff, Mrs. Drueilla Arnold, the owner and operator of a Ford Automobile, instituted this suit against the defendant, Toye Bros. Yellow Cab Company, endeavoring to recover the sum of $148[1] representing property damage incurred to her vehicle on March 14, 1956, at 11:15 p. m., when the right front door of defendant’s parked *906 taxicab was thrown open by a' passenger into the center traffic lane of Bourbon Street, causing the left rear side of plaintiff’s passing automobile to be damaged as a result thereof.
Defendant, in conformity with the practice of the First City Court of New Orleans, simultaneously pleaded the exceptions of “no right or cause of action” and answered denying that it was guilty of any negligence in the premises, and asserted that the independent negligence of the passenger was the proximate cause of the accident.
From a judgment in favor of plaintiff, defendant has prosecuted this appeal.
The record reveals that defendant’s taxicab had parked parallel to the left curb of 219 Bourbon Street[2] preparatory to discharging two passengers [3], who occupied the right side of the front seat. Plaintiff accompanied by Miss Elsie Fournet, was driving about ten miles per hour in Bourbon Street and when approximately two-thirds of he,r car had passed the taxicab one of the passengers in the right front seat unexpectedly threw open the right front door into the center traffic lane of Bourbon Street and struck the left rear side of plaintiff’s automobile causing the damage which provoked this litigation. When plaintiff felt the impact she immediately stopped and then noticed that the door of the cab was “jammed” into the rear of her car. The operator of the cab appeared and requested plaintiff to move her car in order to permit the two passengers to get out of the right front seat. The vehicle was then moved and the two male passengers left the cab and, in the words of defendant’s witnesses, disappeared into a nightclub designated by the municipal No. 219 Bourbon Street.
Plaintiff contends that the operator of the defendant’s taxicab was negligent in failing to provide a safe place [4] to discharge the passengers and in permitting the occupancy of the front seat by passengers when seats were available in the rear compartment; that both of these acts of commission were in contravention of Sections 28(e) and (1) [5] of Ordinance No. 16,605, C.C.S. and that there exists a causal connection between the violation thereof and the resulting accident.
Defendant, on the other hand, conceded that it was at least imprudent to open the. door of the cab into the heavily trafficked lane of Bourbon Street, but asserts that this negligence was the independent act of the passenger who ignored the admonition of the operator of the cab not to open the door.[6]
*907 The violation of an ordinance is of no importance in the final analysis of a tort action unless there is a causal connection between its violation and the resulting accident.[7] In the instant case we believe there is a definite and clearcut causal connection between the violation of the aforementioned ordinance and the resulting accident.
Section 28(e) in substance provides:
“Every taxicab * * * shall be operated * * * with due regard for the safety * * * of passengers and * * * for the safety of the general public.”
Section 28(Z) provides that:
“No person shall be permitted in the front compartment with the driver as long as there is available passenger space in the rear compartment.”
The record conclusively establishes the fact that John W. Murphy, the operator of the cab, in parking parallel to the left curb of heavily trafficked Bourbon Street at 11:15 P.M. at night preparatory to discharging two passengers, who occupied the right front seat thereof, in the center traffic lane of this Street, was actively violating both sections of the foregoing ordinance in that he was ignoring the safety of his passengers and the general public and was permitting passengers to occupy the front seat of the taxicab when the rear seats were unoccupied. Murphy, as a reasonable man, could or should have anticipated that his front seat passengers would adopt the most accessible exit from the cab and alight in the street rather than on the sidewalk since the steering mechanism posed a formidable impediment from the cab to the sidewalk. If the operator of the cab had simply observed the beneficent provisions of the foregoing ordinance he would have pursued the simple expedient of parking on the .right side of Bourbon Street in order that the passengers occupying the right front seat could be discharged with safety to themselves and to the general public. Certainly Murphy was or should have been fully cognizant of the hazard to the motoring public which he created when he placed his passengers in the right front seat and parked his cab in a position where those passengers, in order to alight therefrom, would feel compelled to open the door in the very center of heavily trafficked Bourbon Street. The fact that the passenger, who actually opened the door of the cab, may have been concurrently negligent does not absolve the operator of his negligence in parking the cab as he did in view of the manner in which the passengers were seated.
Miss Fournet, plaintiff’s guest passenger, testified that she observed the two passengers in the front seat of the cab immediately after the occurrence of the accident and they were “drunk.” This evidence stands uncontradicted in the record.
Murphy testified that he had picked up the passengers at the My-O-My Club at West End and was discharging them at another nightclub in Bourbon Street when the accident occurred. The operator of the cab certainly must have acquired this same knowledge during the course of such a long intimate trip and, therefore, the duty imposed upon him of properly seating and of carefully discharging his passengers in a place where the door of the vehicle could be opened with safety to the general motoring public was even greater than if he had not possessed this special knowledge of the condition of his passengers.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.

. The cost of repairing the damages was stipulated by counsel.

. A one way street permitting traffic to move away from Canal Street and in the general direction of Esplanade Avenue.

. Defendant insists that five passengers occupied the cab, three in the rear seat thereof and two in the right front seat. We have found as a fact that only two passengers were occupants of the cab and they were seated on the right side of the front seat. Defendant if it had desired could have established this fact beyond dispute by the simple introduction into evidence of the cab’s “trip sheet” which would have reflected the number of passengers, the place picked up and discharged, and the time thereof. Defendant’s only explanation for its failure to produce this evidence was “I haven’t got it here.”

. A safe place for both the passengers and the general motoring public.

. O.O.S. 16,605, Section 28(e): “Every taxicab, for-hire car or other public passenger motor vehicle shall be operated in accordance with the laws of the State and the ordinances of this City, and with due regard for the safety, comfort and convenience of passengers and for the safe and careful transportation of property and for the safety of the general public.” (1) : “No person shall be permitted in the front compartment with the driver as long as there is available passenger space in the rear compartment.”

. The operator of the cab made this statement during the course of the trial and it was never verified. We were not impressed with his testimony and, therefore, believed that it required verification.

. Todd v. New Amsterdam Casualty Co., La.App.1951, 52 So.2d 880.