106 So.2d 705

Lynn ANDRUS, Natural Tutrix of Steven Keith Miller, Minor,

v.

Donald Wayne WHITE and Hardware Mutual Casualty Company.

No. 44045.

Nov. 10, 1958.

Rehearing Denied Dec. 15, 1958.

Dubuisson & Dubuisson, Opelousas, for defendants-relators.

Jack G. Frugé, J. Burton Foret, Ville Platte, for plaintiff-appellee, respondent.

HAWTHORNE, Justice.

This is a suit for damages under Article 2315 of the Civil Code, filed by Lynn Andrus, as tutrix, for the use and benefit of her minor child Steven Keith Miller for damages resulting from the death of the child's father James Bernard Miller, who

was killed in an automobile accident on January 27, 1956.[1]

■ The district court rendered judgment in favor of the plaintiff in the sum of $20,500. On appeal the Court of Appeal reduced the award to $15,000 but allowed in addition $1,583 for funeral expenses and hospital bills which had been disallowed by the district court. See 101 So.2d 7. A writ was granted by this court on application of the defendants so that we could review the judgment of the Court of Appeal only insofar as it permitted the plaintiff to recover for the use and benefit of her minor child the amount of funeral and hospital expenses.

The record shows that the hospital and funeral bills for which the Court of Appeal permitted the minor to recover were actually paid by Emile M. Miller, father of the deceased and paternal grandfather of the minor, and there is no evidence that Miller had called upon the minor or the tutrix for reimbursement or made any claim against the succession of the deceased.

In permitting recovery in the instant case the Court of Appeal stated that it chose to follow the ruling in one of its own decisions, Young v. McCullium, La. App., 74 So.2d 339. The McCullium case was instituted under Article 2315 of the Civil Code. There an uncle paid certain funeral expenses of his deceased nephew, who had been killed in an automobile accident. After qualifying as administrator the uncle sought to recover the amount so paid from the tort-feasor and his insurer. The Court of Appeal held that there was no right or cause of action in favor of the plaintiff as Article 2315 limits the rights given therein to the parties mentioned in the article, and that nowhere in this article are such rights given to the administrator or to a creditor or to an uncle of the deceased.

In citing that case as authority the Court of Appeal evidently concluded that the effect of the McCullium opinion was that a ranking beneficiary under Article 2315 (as the minor is in the instant case) could by virtue of this fact alone recover the amount of hospital and funeral bills.

■■ In our opinion the fact that one is a ranking beneficiary under Article 2315 is not sufficient of itself to entitle him in all cases to recover the amount of hospital and funeral bills. Recovery should be permitted only where there is evidence that the ranking beneficiary has suffered loss or has been damaged in the amount of these bills. It is the established rule in this state that damages must be proven in order to be recoverable. See Coburn Sup-

---

1. The minor child on whose behalf this suit was instituted was born of the marriage between James Bernard Miller and the plaintiff. His mother and father, however, were divorced, and this suit was instituted only in behalf of the minor.

ply Co. v. James E. Caldwell Co., 231 La. 1026, 93 So.2d 546; Rhodes v. Collier, 215 La. 754, 41 So.2d 669 and cases there cited; see also Scurto v. Le Blanc, 191 La. 136, 184 So. 567.

■ We realize, of course, that there are numerous cases in which the ranking beneficiary under Article 2315 should be allowed to recover the amount of hospital and funeral bills. Some examples where recovery should be permitted are: Where the succession of the deceased has paid these bills with a resultant reduction in the inheritance of the ranking beneficiary; where the ranking beneficiary is legally obligated to pay these bills (as in the case of a parent who has lost his minor child), or has actually paid them either because of a legal liability on him to do so or even because of a moral or natural obligation.

In the instant case there is no legal liability on the minor to pay these bills, nor has he paid them or incurred any liability for their payment. Morever, the succession of his deceased father has not paid them, nor is there any evidence of any charge or demand against the father's succession for the payment of the amount of these bills. Under these circumstances there is no conclusion that we can reach except that the minor child here has not suffered any loss or been damaged in any way in the amount of these bills, and for this reason recovery should not be permitted.

■

The judgment of the Court of Appeal is reversed insofar as it permitted recovery of $1,583 for hospital and funeral expenses.

TATE, J., recused, having been a member of the Court of Appeal rendering the judgment reviewed herein.

106 So.2d 707