PIOOD, Judge.
This is an action for damages arising out of a motor vehicle accident in which plaintiff’s father, Robert Mayeux, was killed. The defendants are Iver Drouin, the owner and driver of the truck involved in the accident, and Great American Indemnity Company, the public liability and medical payments insurer of that truck.
Plaintiff demands damages for the pain and suffering of the decedent prior to his *806 death, for the loss of the love and companionship of the decedent, and for funeral expenses incurred as a result of the accident. The trial court rendered judgment in favor of plaintiff, awarding her the sum of $3,000 for loss of love and companionship and $1,237.50 for funeral expenses, but rejecting her demands for the alleged pain .and suffering of the decedent prior to his • death. Plaintiff has appealed from that judgment, and defendants have answered ■the appeal praying that the awards be reduced.
The accident occurred about 4:00 P.M. on February 12, 1960, while the decedent was riding as a guest passenger in the Drouin truck. The driver lost control of the truck, causing it to run off the highway and overturn. Defendants admit liability, so the only questions presented here relate to the amounts which should be awarded.
' The trial judge found that the injuries sustained by the decedent caused his immediate death, and that he did not suffer any conscious pain following the accident. Accordingly, plaintiff’s demands for damages for the pain and suffering of the decedent from the time of the accident until his death were rejected.
The only evidence presented relating to the question of whether the decedent suffered pain after the accident consisted of the testimony of defendant Drouin and State Trooper Phillip J. Pizzaloto. Drouin testified that the decedent did not move or make a sound after the accident occurred, that he could not determine whether the deceased was breathing, but that he felt his pulse and thought he detected a weak pulse beat. State Trooper Pizzaloto arrived at the scene of the accident about 35 minutes after it occurred and determined that plaintiff’s father was dead at that time. In our opinion the evidence supports the finding of the trial judge that the decedent did not suffer any conscious pain after the accident occurred, and accordingly the trial court correctly rejected plaintiff’s demands for that item of damages. See Crisman v. Shreveport Belt Ry. Co., 110 La. 640, 34 So. 718, 62 L.R.A. 747; Langenstein v. Reynaud, Orleans, 13 La.App. 272, 127 So. 764; Todd v. New Amsterdam Casualty Co., La. App.Orleans, 52 So.2d 880; Andrus v. White, La.App. 1 Cir., 101 So.2d 7, reversed in part on other grounds, at 236 La. 28, 106 So.2d 705.
Plaintiff contends that the award of $3,-000 for loss of love, companionship, affection and paternal friendship should be increased materially, while defendants contend that the award was excessive and should be reduced.
The decedent was about 56.years of age at the time of the accident. He married in 1927 and plaintiff was the only child born of that union. The decedent and plaintiff’s mother were divorced in 1943, when plaintiff was 14 years of age, and the court awarded the custody of plaintiff to the mother. Thereafter plaintiff lived with her mother and her maternal grandparents until her marriage in 1945. After her marriage plaintiff lived with her husband in Marks-ville for eight years and then moved to Alexandria where she has lived since that time. The decedent has lived in Hessmer, Louisiana, during that entire period.
At the time of the accident plaintiff was 31 years of age. She has not lived with her father since she was 14 years old. She has been married for 15 years and is the mother of three children. The evidence shows, however, that the decedent has visited with plaintiff frequently since 1943. While plaintiff was living in Marksville the decedent visited her almost daily. For a period of time after she moved to Alexandria he visited with her once or twice a week, but during the last few years he visited her only once or twice a month. The decedent appeared to love plaintiff’s children and he frequently brought them little gifts.
The trial court relied on the cases of Seelhorst v. Pontchartrain Railway Co., Orleans, 11 La.App. 586, 123 So. 626, 629, and Serpas v. Collard Motors, La.App. *807 Orl., 178 So. 261, in determining that plaintiff should be awarded the sum of $3,000 for the loss of love and companionship. In the Seelhorst case, which was decided in 1929, five major children were awarded a total of $6,000 for the wrongful death of their mother, which award also included amounts due for pain and suffering of the decedent. In that case the court said:
“The record shows that the deceased was 68 years of age and in good health. She was a kind and loving mother, living happily with some of her children in the old family residence in this city. The children are majors, and were not dependent upon her for support, but have been deprived of her association and companionship. The deceased suffered excruciating pains as a result of her fatal injuries, and was conscious from immediately after the accident and until a short while before her death at Charity Hospital on the same day, * * *. Under the circumstances we feel that the sum of $6,000 should be awarded plaintiffs.”
In the Serpas case, decided in 1938, six major children were awarded the aggregate sum of $6,000 for the wrongful death of their 73 year old mother, which award also included amounts for pain and suffering of the decedent.
We do not consider the case of Palmer v. American General Insurance Co., La.App. 1 Cir., 126 So.2d 777, cited by counsel for plaintiff, to be applicable here, because in that case the award was made to a mother for the loss of love, companionship and affection of her IS year old daughter, who lived with her mother.
We are aware, of course, that the Seelhorst and Serpas cases were decided a number of years ago, and we take judicial cognizance of the fact that there has been a substantial decrease in the value of the dollar since that time. We also note, on the other hand, that the judgments rendered in those cases included awards for pain and suffering of the decedent between the time of the accident arid the time of his death, while in the instant suit no such award can be made since we have concluded that the decedent did not regain consciousness after the accident. The award made to plaintiff by the trial court in this case is substantially more than the amount awarded to each child in either of the above cited cases. After considering all of the circumstances presented here, therefore, we conclude that the amount awarded to plaintiff by the trial court for the loss of the love, companionship, affection and paternal friendship of the decedent was fair and adequate.
Defendants contend that the trial judge erred in awarding plaintiff the sum of $1,-237.50 for funeral expenses. The evidence shows that the following expenses were incurred in connection with the death and interment of the decedent:
Hixson Funeral Home, $892.50
Escude Funeral Homes, 125.00
Louis Gagnard, Vault, 120.00
A. Normand, Monument, 100.00
Great American Indemnity Company paid the amounts due the Hixson and Escude Funeral Plomes, amounting to the aggregate sum of $1,017.50, and plaintiff paid the remaining bills amounting to $220. The payments made by Great American Indemnity Company were made under the “Medical Payments” clause of the policy covering the truck in which the decedent was riding, which clause obligated the insurer “to pay all reasonable expenses incurred * * * for necessary * * * funeral expenses.”
Plaintiff contends that she is entitled to recover the full amount of these funeral expenses under the public liability features of the policy, even though a substantial portion of them have already been paid by the insurer. She relies on the decisions rendered in Distefano v. Delta Fire & Casualty Co., La.App. 1 Cir., 98 So.2d 310, and Bordelon v. Great American Indemnity Co., La.App. 3 Cir., 124 So.2d 634. Although the author of this opinion disagrees with the opinions expressed in those two cases, a *808 majority of this court has held that such a double recovery can he had in a proper case, and that is now the settled jurisprudence of this court. See also Dumas v. United States Fidelity and Guaranty Company, La.App. 3 Cir., 125 So.2d 12; and Martin v. United States Fire Insurance Co., La.App. 3 Cir., 129 So.2d 277.
In the instant suit, plaintiff testified that her father’s body was at the funeral home when she first learned of his death, and that she “got there and made the arrangements for the funeral.” She also testified, however, that she did not pay the amounts due the Hixson and Escude funeral homes for the funeral services rendered by them, and that she never received a bill from either of these establishments for those services. The record shows that the statement submitted by Hixson Brothers is addressed to “Mr. Robert Mayeaux Estate,” and no statement from either of said funeral homes is addressed to plaintiff. In our opinion, plaintiff has failed to establish that she obligated herself personally to pay these accounts.
In Andrus v. White, 236 La. 28, 106 So.2d 705, 706, the Supreme Court held that a minor child, through his tutrix, could not recover hospital and funeral expenses incurred in connection with the accidental injury and death of his father, because there was no legal liability on the part of the minor to pay them. In so holding, the court said:
“We realize, of course, that there are numerous cases in which the ranking beneficiary under Article 2315 should be allowed to recover the amount of hospital and funeral bills. Some examples where recovery should be permitted are: Where the succession of the deceased has paid these bills with a resultant reduction in the inheritance of the ranking beneficiary; where the ranking beneficiary is legally obligated to pay these bills (as in the case of a parent who has lost his minor child), or has actually paid them either because of a legal liability on him to do so or even because of a moral or natural obligation.
“In the instant case there is no legal liability on the minor to pay these bills, nor has he paid them or incurred any liability for their payment. Moreover, the succession of his deceased father has not paid them, nor is there any evidence of any charge or demand against the father’s succession for the payment of the amount of these bills. Under these circumstances there is no conclusion that we can reach except that the minor child here has not suffered any loss or been damaged in any way in the amount of these bills, and for this reason recovery should not be permitted.”
In the instant case there is no legal liability on the part of plaintiff to pay the funeral expenses of her deceased father. She has not paid those expenses, they have not been paid with funds belonging to the succession with a resultant reduction in plaintiff’s inheritance, and no further demand for payment can be made against the decedent’s succession since the debts have been paid. In view of those facts and the holding in Andrus v. White, supra, therefore, we conclude that plaintiff, as the survivor under Article 2315 of the LSA-Civil Code, is not entitled to recover for the funeral expenses due the Hixson and Escude Funeral Homes.
Plaintiff, however, has actually paid the amounts due Gagnard and Normand, amounting to the sum of $220, and consistent with the above cited jurisprudence she is entitled in this wrongful death, action to recover from the defendants the amount which she paid.
For the reasons herein expressed, the judgment of the trial court is amended by-reducing the amount of that judgment from $4,237.50 to the sum of $3,220. In all other respects the judgment is affirmed. All costs of this appeal are assessed to appellant.
Amended and affirmed.