TATE, Judge
(dissenting).
The writer respectfully dissents from the majority’s holding insofar as the decedent’s only child was not permitted to recover the full amount incurred by her for the decedent’s funeral expenses. The majority of this panel, in refusing to allow the decedent’s child to recover this full amount, improperly (in my opinion) allowed the tortfeasor and his insurer credit for the amount of funeral expenses paid under a separate coverage provided by the “medical payments clause” of the policy, in which the insurer obligates itself contractually to pay reasonable medical or funeral expenses “to or for each person who sustains bodily injury”, in addition to its obligation to pay for any tort damages for which the insured is liable.
The majority opinion pays lip service to the general rule that the medical and funeral payments clause, for which a separate and additional premium is charged, is a separate accident insurance coverage, so that the beneficiary is entitled to be paid the medical and funeral expenses incurred irrespective of whether there has been a tort recovery also for such expenses, and so that, likewise, the tortfeasor or his liability insurer is not entitled to credit against a tort recovery for amounts collected under the medical payments clause. See Martin, Dumas, Bordelon and Distefano cases, cited in the majority opinion; see also Severson v. Milwaukee Automobile Insurance Company, 265 Wis. 488, 41 N. W.2d 872, 42 A.L.R.2d 976, and annotation following this decision, 42 A.L.R.2d 984.
The insurer’s agreement to pay medical or funeral expenses for an injured person, even though the premiums are paid by another, is nevertheless a stipulation for the benefit of the injured person and constitutes an enforceable contractual right in favor of the injured person or his beneficiary. See Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727, as well as above cited cases. The well settled general rule is that the tortfeasor is never entitled to credit for medical expense or other benefits paid for by insurance obtained in behalf of the injured person. See DeRoode v. Jahncke Service, Inc., La.App.Orleans, 52 So.2d 736; 25 C.J.S. Damages § 99, p. 647.
Undoubtedly, it may offend one’s sense of what the contract rights should be if the same person collects the same funeral expenses twice, once under the medical payments coverage and then again under the tort coverage. Likewise, in another context, one may feel there is something wrong about an insured person collecting' dual or triple benefits for the same medical expense in situations where the insured maintains two or three ordinary hospitalization policies.
But the answer to any moral doubts one may have about such dual collections of benefits is the same: the insurers concerned may vary this result very easily by excluding multiple recoveries and charging a lower premium, failing which they must pay the full amounts for which liable by the contracts they drew up and offered for sale. It is not for the courts to re-write insur-. anee policies and to exclude damages and risks which the insurers themselves did not see fit to exclude from coverage, and for insuring which they charged and collected full premiums.
With due respect to my able brethren of this panel’s majority, I think that their decision flouts the well settled law concerning this subject, in the light of which the present insurance contract was drawn and based upon which jurisprudence the premiums were fixed.
The majority disallows a full recovery of funeral expenses upon the authority of Andrus v. White, 236 La. 28, 106 So.2d 705. The holding of that case is totally inapplicable, in my opinion, to the facts of the present case.
In the Andrus case, a 4-year-old boy was not allowed to recover his father’s funeral expense, where his grandfather had paid them gratuitously, because it was not *810 shown that such infant 'had incurred any liability' for their payment, nor had suffered any -loss such as through a reduction in his inheritance.[1]
This is not the situation before us now. The present is a suit by a major, the only child of a decedent who was survived by no widow or any other person who could he responsible for the funeral expenses. The record reflects that the plaintiff child testified without contradiction that, after her father was killed, “he was at the funeral home, and I got there and made the arrangements for the funeral.” Now what does “making the arrangements for the funeral” mean, except that she ordered the size casket, determined the costs of the service, etc.?
We must remember that Great American’s policy did not render it directly liable to arrange for and order the funeral, but merely to pay such reasonable funeral expenses as were incurred for the injured person. If Great American had become insolvent, is there a doubt but that the funeral home could have sued the daughter, the plaintiff herein, and have recovered for the amount of the funeral which she (not Great American) selected and ordered? Great American did not pay for the funeral, really — it paid for the obligation that the decedent’s representative had incurred for such liability. The plaintiff could not have defended any action against her by the funeral home by claiming that the funeral expense was Great American’s debt, not hers-
I suppose that the majority will concede, since it is accepting the premise of the Dis-tefano and other cases that the medical payments clause constitutes a separate contractual obligation additional to the liability for tort damages, that the plaintiff could have recovered the funeral expenses in the present tort action, if only she had been billed for same and had delayed submitting to the insurer her claim under the medical payments clause for the funeral expense until after she had finally recovered them in this tort action. (Had she done this, undoubtedly she could also, under the uniform jurisprudence, been able then to sue the insurer and recover these funeral expenses under the latter’s separate contractual obligation to pay under the medical payments clause, even though they had already been paid in the tort action. See the Severson case, above cited, and the annotation following same.)
Thus, in my humble opinion, the majority has adopted an artificial rule, one that fixes liability based upon the order of the procedural steps taken and not upon the contract by which the parties’ rights should be governed, a rule which has the further demerit of complicating the present commonsense routine of administering the medical payments clause in actual everyday life.
For we are, after all, depriving this plaintiff of one thousand dollars of funeral *811 expenses for which the defendant tort¿ feasor is unquestionably liable, simply because the plaintiff did not first file her tort suit and wait to collect her funeral expenses under the medical payment clause until after the tort suit was over; or because in the hours following her father’s death she did not go to a lawyer to draw up a formal instrument stating that she — who ordered her father’s funeral and made other arrangements for it — was the one primarily responsible for it, and that the insurance company was merely reimbursing or paying her liability for it; or because she did not pay the funeral expenses herself and collect them in this tort suit, but also have her father’s estate opened and its administrator make application for and collect the funeral expenses from the insurer under its undoubted contractual liability to pay such amount to the decedent’s estate (whether or not the daughter paid them), and thus in due course have received a disbursement of such proceeds from her father’s estate by inheritance in addition to her recovery of them in tort; or because she did not have her father’s estate opened and an administrator qualified, who would make formal application to the insurer for the amount of the funeral expense for which it was contractually liable, and then proving her damage in the present proceedings because her father’s estate — represented almost in full by its contractual right to recover one thousand dollars of such expenses — was diminished and the plaintiff was thereby damaged, because these proceeds which would otherwise have gone to her as his only child and sole heir were paid instead to the funeral home because of the tortfeasor’s fault in causing his death.
I think it is extremely unrealistic and an unwarrantedly technical construction of tort principles to require such roundabout behaviour to collect the dual liabilities — in tort and in contract — which, by separate contracts and for separate premiums, the insurer plainly assumed with regard to each person injured. With some regret, I must frankly state that such a construction does violence not only to the jurisprudence but to common sense.
For the foregoing reasons, I must respectfully dissent in part from the majority opinion.

. See 106 So.2d 706-707: “We realize of course, that there are numerous cases in which the ranking beneficiary under Article 2315 should be allowed to recover the amount of hospital and funeral bills. Some examples where recovery should be permitted are: Where the succession of the deceased has paid these bills with a resultant reduction in the inheritance ■ of the ranking beneficiary; where the ranking beneficiary is legally obligated to pay these bills (as in the case of a parent who has' lost his minor child), or has actually paid them either because of a legal liability on him to do so or even because of a moral or natural obligation. '
“In the instant case there is no legal liability on the minor to pay these bills, nor has he paid them or incurred any liability for their payment.”
It seems to me that by this obiter the Supreme Court was attempting to avoid the misinterpretation of its holding in the Andrus case as applying to situations such as the present, where the beneficiary heir is primarily responsible and liable for the payment of the. funeral expenses. After all, LSA-Civil Code Article 2315 does not provide that a tortfeasor is liable for all damages he causes except funeral expenses.