REGAN, Judge.
Plaintiffs, Mr. and Mrs. Milton J. Keller, Jr., instituted this suit against the defendants, Mr. and Mrs. Willie Louque and the Marquette Casualty Company, endeavoring to recover $61,428.90 as damages for the wrongful death of their minor daughter, Pamela, who was fatally injured by an automobile operated by Mrs. Louque, as the child walked along the shoulder of Highway 20 in Gramercy, Louisiana. Plaintiffs explained therein that the defendant driver, who was using her father’s car at that time, was an assured under the omnibus clause of the policy issued to the owner thereof by the *348 defendant insurer. Her husband was also designated as a defendant herein on the hypothesis that she was engaged in a community mission when the accident occurred.
The defendants answered and denied that the operator of the vehicle was at fault. They asserted that the child was killed through her own negligence in darting suddenly from a position of safety into the path of the approaching vehicle without any warning to the driver. In the alternative, they pleaded that both the child and her parents were guilty of contributory negligence. Although the child was almost seven years old when she was killed, the defendants emphasized that she fully understood the hazards of highway traffic and could not be exempted from the application of the doctrine of contributory negligence. They further insisted that the parents’ negligence consisted of permitting the child to walk along the roadway unescorted.
From a judgment in favor of plaintiff, Milton Keller, Jr., for $9,884.40, and in favor of Mrs. Barbara Waguespaclc Keller for $9,000.00, the defendants have prosecuted this appeal. Plaintiffs have answered the appeal, requesting an increase in quantum.
The record reflects that both plaintiffs’ and defendants’ versions of the accident are, for all practical purposes, irreconcilable. In his written reasons for judgment, the trial judge fully outlined the conflicting accounts thereof as follows:
“Pamela Ann Keller, six years, ten months, and eight days old, died as a result of injuries she sustained on October 13, 1960, when she was struck by an automobile driven by Mrs. Lorna Veron Louque, on Louisiana Highway #20 in the Town of Gramercy, Louisiana.
* * *
“According to the plaintiffs’ theory, Pamela Ann Keller and her little sister, Cynthia, who was six years old, left their home on the morning of October 13, 1960 with the intention of going to the school bus stop at the corner. They walked out of their driveway up to Louisiana Highway #20, which is also known as tire Airline Road, turned left in the direction of the River Road and proceeded to walk along the shoulder of this road until they were just beyond the driveway of the Lassaigne property, which driveway is 34 feet from the Keller driveway. While the two little girls were standing in the center of the shelled shoulder of Highway #20, which measures about 3 feet wide and near the Lassaigne driveway, Mrs. Lorna Vernon Louque was proceeding along said Highway #20 in the direction of the Airline Highway. As she neared the children, she permitted her automobile to swerve off the crowned surface of the blacktop and onto the shoulder where it ran into Pamela Ann causing her to be thrown backwards partially in the ditch along the side of the highway. The little child sustained injuries from which she succumbed within a half an hour thereafter,
“The plaintiffs’ version of the accident is supported by the testimony of two disinterested eye witnesses, Mr. Andrew Wilfred Bourgeois and Mr. Alcee J. Chenier. Mr. Bourgeois in particular testified that he was driving a truck along Highway #20 in the direction of the River Road. As he passed Calcagnos Garage located from 60 to 100 feet beyond the Keller driveway, on the opposite side of the street and in the direction of the Airline Highway, h'e noticed the 2 little girls on the shoulder of the street near the Lassaigne driveway. He observed the approaching car driven by Mrs. Lorna Veron Louque and saw it leave the blacktop and run into Pamela Ann. He observed that the child was struck by the car at about the left right fender and was thrown backwards and to the side 4 feet into the air and knocked off the shoulder.
*349 “The plaintiffs further contend that Mrs. Louque admitted to plaintiff, Keller, that she permitted her car to swerve off the blacktop because her attention was diverted to her own child who was seated in the car between her and her mother-in-law, Mrs. Steve Louque. The plaintiffs’ theory is that Mrs. Lorna Louque’s little girl, about 2Y2 years old, was attempting to get an animal cracker out of a paper box and that while she was engaged in this maneuver both the mother and grandmother did not notice the little girls standing in close proximity to the blacktop. Plaintiffs’ theory of Mrs. Louque’s admitted inattention is supported by the testimony of Alcee J. Chenier, also a disinterested witness, who testified that he heard a lady, who could only be the driver of the automobile, admit on the scene of the accident that at the moment of the occurrence she was reaching for something on the car seat.
“Mrs. Lorna Veron Louque vehemently denies that she ever admitted to the plaintiff or to anyone else that her attention was directed to her own child or that the accident happened while she was reaching for a cookie of some kind on the car seat. It is her contention and the defendants’ theory of the occurrence that while Mrs. Louque was driving along Highway #20 in the direction of the Airline Highway and when at a distance of about 2 lots from the Lassaigne driveway she observed a little girl standing on the shell shoulder close to the near edge of the Lassaigne driveway. At this time she noticed another little girl about 4 feet from the Keller driveway skipping along a path at the property line of the highway. As Mrs. Louque continued along at a speed of about IS miles an hour and while keeping her attention directed upon the road and tlie little girl standing upon the shoulder, the small child whom she had observed skipping along the path suddenly darted into the path' of her automobile and was struck by her car on the surfaced portion of the highway. Mrs. Louque admits that there were no obstructions to her view of any kind which coud have prevented her seeing Pamela except for the child standing on the shoulder of the road.”
The trial court did not indicate which factual version he accepted since he reasoned that the defendant driver’s own testimony convicted her of negligence by virtue of her admission that she had observed both children moments before her automobile struck Pamela. He therefore concluded that she breached the duty of extraordinary care which the law imposes upon a motorist who is driving in an area where children of tender years are walking or playing.[1]
 In applying this theory of negligence, the trial judge, in writing his reasons, discussed the two general rules of law applicable when a motorist injures a child of very tender years. He observed' that the motorist is not automatically an insurer of every child’s safety and should be exonerated from liability if injury or death results from a child’s darting from an obscure place into the path of a moving vehicle. On the other hand, he pointed out that the motorist who is, or should be, apprised of the presence of children near a roadway is liable for any injury if, from the circumstances, a reasonable man should realize the necessity of proceeding with extreme caution. He believed that the latter rule applied to the special facts hereof.
We have carefully examined the testimony inscribed in the record and as a *350 result thereof, we are of the opinion that it is unnecessary to determine fault by an analysis of the driver’s own testimony, because the evidence preponderates to the effect that the plaintiffs’ version of the accident is both more accurate and credible.
In reaching this conclusion we were very impressed with the eye-witness account of the accident as revealed by Alfred Bourgeois, a disinterested witness, who observed the defendant driver’s vehicle move toward the shoulder of the road where the child was standing when she was fatally injured. In addition, Mrs. Louque’s admission to Keller, immediately after the accident, of being distracted by her own child was substantiated by the testimony of another disinterested witness, namely, Alcee Che-nier.
In view of what we have said herein-above, we are compelled to rationalize the defendant driver’s fault in failing to maintain adequate control of her automobile, which resulted in its moving from the surfaced portion of the highway onto the shoulder of the road where it fatally injured Pamela.
The foregoing factual finding, together with the law applicable thereto, clearly obviates the necessity for a consideration by us of the pleas of contributory negligence; therefore, we now turn our attention to the vexatious question posed by quantum.
Plaintiffs contend that an award of $9,-000.00 is inadequate to compensate them for the loss of love and affection of their oldest child. In considering this issue, we initially notice that Mr. Keller, who is 33 years of age, and Mrs. Keller, 29, have three other children. Plaintiffs rely upon the rationale emanating from three decisions [2] to support an increase in the award from $9,000.00 to $12,000.00 for the loss of love and affection of their daughter. Merely from the standpoint of assigning a monetary judgment for the loss, those decisions are distinguishable from this case in that one of the three cases cited involved the death of a minor who was also contributing to the support of the family.[3] The other two involved accidents where the tragedy was compounded by multiple deaths within the immediate family circle.[4]
While we are not inclined to grant the full increase of the award sought by the plaintiffs, we are convinced that the judgment in favor of each for the loss of their daughter should be increased from $9,000.00 to $10,000.00, which we believe to be adequate, but only insofar as money is capable of compensating for such a tragedy.
In addition, plaintiff, Milton J. Keller, Jr., is entitled to special damages. It was proven that he expended $844.40 for funeral and $54.50 for medical expenses. The trial court disallowed plaintiffs’ claim of $530.00 for the erection of a monument over the child’s grave, which plaintiffs contend was erroneously excluded. This contention is supported by the jurisprudence.[5] Therefore, we are of the opinion that the judgment should be amended so as to include the expenses of the monument as an item of special damages.
For the reasons assigned, the judgment appealed from is amended so as to increase the award to Mrs. Barbara Waguespack Keller from $9,000.00 to $10,000.00, and to increase the award to Milton Keller, Jr., from $9,884.40 to $11,428.90, and in all other respects the judgment appealed from is affirmed.
Amended and affirmed.

. Schuster v. Audubon Insurance Company, La.App., 147 So.2d 226; Gray v. Great American Indemnity Company, La. App., 121 So.2d 381; Moreau v. Southern Bell Telephone & Telegraph Co., La.App., 158 So. 412.

. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; Renz v. Texas & Pacific Railway Company, La.App., 138 So.2d 114; Freeman v. Audubon Insurance Company, La.App., 120 So.2d 105.

. Freeman v. Audubon Insurance Company, La.App., 120 So.2d 105.

. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; Renz v. Texas & Pacific Railway Company, La.App., 138 So.2d 114.

. Pegg v. Toye Brothers Yellow Cab, La.App., 167 So. 896; Dauzat v. Great American Indemnity Company, La.App., 130 So.2d 805.