AYRES, Judge.
This action in tort arises out of a motor vehicle collision at the intersection of Fern Avenue and Ockley Drive in the City of Shreveport. The accident occurred on March 13, 1971, at approximately 5:30 p. m. Involved were plaintiff’s Dodge Dart *658 automobile, driven by his son, a 16-yeqr-old minor, and a Volkeswagen driven by defendant Fred L. Moffitt. Made defendants in addition to Moffitt were Moffitt Volkswagen, Inc., and Moffitt’s public liability insurer.
After trial the court concluded plaintiff had not sustained his burden of proof to establish fault on the part of defendant Moffitt. Moreover, the court, in concluding the defendant driver had no reasonable opportunity to avoid the accident, in effect, found him free from negligence. From a judgment accordingly rejecting plaintiff’s demands, he appealed.
In the vicinity of the accident, Fern Avenue, in its north-and-south course, parallels the east bank of Bayou Pierre. Ock-ley Drive, from the west, by means of a bridge across the bayou, continues easterly and intersects Fern Avenue at right angles. At the time of the accident traffic through the intersection was governed by the customary overhanging electric signal lights which were operating in the usual sequence of amber, red, and green.
Moffitt was driving easterly on Ockley with the intention of continuing through the intersection easterly on that street. Stein was proceeding northerly on Fern with the intention of continuing northerly through the intersection. Both drivers claimed to have had a green light. Plaintiff further contended that Moffitt was operating his vehicle under the influence of intoxicating liquor.
This court, through the late Judge George W. Hardy, Jr., in Roberts v. M. S. Carroll Co., 68 So.2d 689, 693 (1953), had occasion to point out and observe:
“ . . . The jurisprudence of every appellate tribunal of this state has incontrovertibly established the rule that the plaintiff in a compensation case, as in other cases, bears the burden of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment.” (Emphasis supplied.)
Stated differently but substantially the same, the Supreme Court, through Associate Justice Albert Tate, in Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151, 155 (1971), observed:
“In describing this burden of proof, the courts sometimes speak of proof to a ‘reasonable certainty’ or to a ‘legal certainty’ ; or of proof by evidence which is of ‘greater weight’ or ‘more convincing’ than that offered to the contrary; or (in the case of circumstantial evidence) of proof which excludes other reasonable hypotheses than the defendant’s tort with ‘a fair amount of certainty’. Whatever the descriptive term used, however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.”
These observations appear to be applicable here.
This record presents only factual issues. The trial court has stated the facts and resolved the issues in a concise but well-written opinion, from which we quote:
“Fred L. Moffitt testified he stopped and waited for the red light and pulled out headed east, as it turned to green. He further testified that he had reached a speed of three to five miles per hour when the accident occurred in the southeast quarter of the intersection.
“Alan Stein testified he first looked at the light a block away as he reached the intersection of Atlantic and Fern, which is one block south of the accident, and the light was green. He testified he looked at the light when a half block away and it was still green. He testified his speed was 35 miles per hour as he continued through the intersection. He *659 further again testified he was going 35 miles an hour as he entered the intersection.
“Plaintiff argues that the facts demonstrate it is more probable than not that the light was green for Alan Stein. Mrs. Carmody, a witness headed west on Ockley who had stopped for the light, testified that she had been stopped long enough that the light possibly could have changed. She was concerned with other things and did not see the light or either vehicle before impact.
“Robert Lewis Kyle, Jr., was headed east on Ockley. He stopped for the light and made a right turn on red and plaintiff’s car passed him. He later saw the collision in the rearview mirror after he had traveled six car lengths. He was going 15 or 20 miles per hour when he saw the accident.
“It is my opinion that the demands of plaintiff must be rejected. Plaintiff bears the burden of proof, which simply has not been sustained.
“Plaintiff argues that defendant, Mr. Moffitt, was under the influence of alcohol, but the police officer did not arrest him for driving while intoxicated, nor even realize he had previously consumed any alcohol until he was driving him home after the accident. The alcohol does not appear to have had anything to do with the accident, nor to have adversely affected Mr. Moffitt.
“The calculation by plaintiff as to the time elapsed between the stop and right turn on red by Mr. Kyle and his seeing the accident in the rearview mirror is inaccurate because it assumes that Mr. Kyle began at 20 miles per hour, whereas he began from a standing start. The defendant Moffitt also began from a standing start.
“The testimony of Alan Stein that when he first looked at the light when he was one full block south of the intersection, it was green, together with the testimony of Mrs. Carmody that she had been stopped for the red light long enough that it could possibly have changed at the time of the collision, both establish that the light had been green for Alan Stein for a considerable period of time. Contrary to the contention of plaintiff, these facts substantiate the testimony of the defendant Moffitt.
“Considering the speed of the Stein vehicle through the intersection, the defendant Moffitt had no reasonable opportunity to avoid the accident.”
We not only find no manifest error m his Honor’s findings of fact and conclusions reached in resolving the issues presented, but are of the opinion they are eminently correct.
For the above-stated reasons, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.