JOSEPH A. LaHAYE, Judge Pro Tem.
Plaintiffs, owners of Pelico Plantation, instituted a petitory action for recognition of their ownership to an irregular tract of land containing approximately ten (10) acres in Sections 51 and 52, Township 10 South, Range 14 East, Ascension Parish, Louisiana, and for recovery of revenues from farming operations conducted thereon by defendants. Judgment in favor of plaintiffs has been appealed by the defendants.
Recognizing the plaintiffs’ ownership of the property, the district court stated:
“ . . .In the course of the trial, the plaintiffs offered in evidence a chain of title showing that they and their ancestors in title were the owners of all of Sections 51 and 52 as aforesaid which formed part of Pelico Plantation. The simple issue herein then is whether or not the plaintiffs have carried the burden of proving their title to the property in question. On the point of identification of the property, the plaintiffs introduced the testimony of Mr. Vincent Piz-zolato, Civil Engineer, who surveyed the entire Pelico Plantation and the survey- or’s uncontradicted testimony is that the irregular ten (10) acre parcel of land was indeed situated in Sections 51 and 52, Township 10 South, Range 14 East, Ascension Parish. A plat of survey of the subject ten (10) acre tract is also in evidence. The testimony of Mr. Charles Tschirn and Mr. Everett Caballero satisfies the court that the subject tract has always been considered part of Pelico Plantation and had actually been in use as part of that plantation through the years until such time as the defendants unlawfully entered the property, cleared land and began farming it.
“The court feels the law is quite clear that once the plaintiff in a petitory action has proven his title, then defendant’s title becomes an issue. Spinks v. Brown [La.App.], 216 So.2d 856. The defendants’ claim of ownership through ten (10) year prescription must fall since the very deed which they introduced in evidence, being the sale from Sam Al-baral to said defendants being Exhibit D-l, clearly reflects that this acquisition did not contain any properties in Sections 51 and 52, Township 10 South, Range 14 East, Ascension Parish. This being the case, there was no basis to satisfy the requirement that the defendants had an instrument of conveyance trans-lative of title on its face upon which to base a plea of ten (10) year acquisitive prescription. Civil Code Article 3479. On the point of ownership on the tract of land in question, the court finds that the evidence in this case, and the law applicable to be clearly in favor of the plaintiffs’ position and, they are recognized to be the owners of the property made the subject of this lawsuit.”
*380 Our study of the record discloses that the district judge has correctly applied the law to the facts on the question of ownership, and we further agree with his conclusion that defendants are not entitled to recover their expenses for want of proof in that regard. We are unable to hold, however, that the plaintiffs have borne the burden of proving the value of the crops grown by defendants for each of the specified years on the ten (10) acre tract of land which is the subject of this litigation or that the entire tract was in sugar cane production.
In denying defendants any expenses in connection with their farming operations conducted on plaintiffs’ land and allowing recovery to plaintiffs for the fruits and revenues produced therefrom by defendants for the years 1966 through 1971, the district judge said:
“The court has considered Articles 498 through 504, which deals with this subject. The record reflects that the defendants have, in fact, farmed the subject property with producing crops since the year 1966. If the defendants were bona fide possessors, even though later shown not to be the true owners, then the defendants would not be liable to plaintiffs under this section of the Civil Code. Article 503 of the Civil Code defines bona fide possessors as one who holds under an act sufficient in terms to transfer property, but who is ignorant of any defects. This does not seem to be the case of the defendants. They have no act of sale which is translative of title; the position of the defendants in their separate answers are in conflict as to a basis for possession. Further, as appears from the testimony, the court was particularly impressed with the testimony of Mr. Everett Caballero on the point that defendants were aware that they were on the Tschirn’s property. Thus, under Article 501, the owner is entitled to the fruits so produced on his property by a third person, such as the defendants in this case. Of course, Article 501 indicates that the owner should reimburse the adverse possessor for expenses, but the defendants in this case offered no evidence as to what its expenses were. In reviewing the record, the testimony of Mr. George Arceneaux of Evan Hall Sugar Co-Operative is the only guide the court has in determining the value of the crops taken by the defendants from the plaintiffs’ property. This testimony establishes that the defendants, who milled their entire sugar cane crop at Evan Hall, averaged $208.44 per acre for 1971, $135.57 per acre for 1970, and $151.80 per acre for 1968. Because of the method of accounting, this witness could not give a specific per acre figure for the prior years. However, the average over a three (3) year period would be $165.27.
“The court computes the value of the sugar cane crops taken by the defendants from the plaintiffs’ property as follows:
For 1971 - $2,084.40
For 1970 - $1,355.70
For 1968 - $1,652.70
For 1967 - $1,652.70
For 1966 - $1,652.70
for a total of $8,398.20.
“The court is of the opinion that the plaintiffs are not entitled to any crop proceeds for the year 1969 for the reason that the court is aware that sugar cane is a three year crop and, if the ten (10) acre tract of land produced for 1966, 1967 and 1968, then the ten (10) acre tract would have been fallow for the year 1969 with no crops being produced for that fallow year. Sugar cane production would have been re-established beginning 1970. No finding is made with regard to the 1972 crop, since this case was tried before its harvest, but the rights of the plaintiffs to these proceeds and all future year proceeds, so long as defendants remain in possession, and harvesting crops from said property is reserved to plaintiffs.”
*381 As a basis for calculating crop values on the contested acreage for 1970 and 1971, the district court used the gross per-acre income of defendants’ cane production on the nearby Lowery property. Those sums were then allocated to the ten acres from which the gross income for those years was established. However, because the production figures of the defendants’ operations for the remaining years reflected total income from their multiple cane operations without acreage designation, a yearly per-acre production average could not be established. Therefore, the district judge averaged the defendants’ yearly per-acre income for the known years (1969, 1970 and 1971) on the Lowery tract, and used this sum to establish the production of the defendants on Pelico Plantation for the years 1966, 1967 and 1968. In this manner, it was concluded that each such year yielded gross revenues of $1,652.70 to the defendants. We find this latter method of arriving at gross income on the subject property erroneous in the absence of a showing of similar yields and other compa-rables for those years. Therefore, we conclude that plaintiffs have failed to discharge the burden of proof necessary for recovery. Andrus v. White, 236 La. 28, 106 So.2d 705; Jeanfreau v. Sanderson, 239 La. 51, 117 So.2d 907; McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501; Stein v. St. Paul Fire and Marine Insurance Co., 287 So.2d 657 (La.App. 2nd Cir. 1973). We find, also, for all periods under consideration, a maximum of seven acres of the ten-acre tract were in actual production as reflected by the sole testimony of Leonard Julien; hence, an award for the years 1970 and 1971 of the sums of $948.99 and $1,459.08, respectively, is in order.
For the above and foregoing reasons, the judgment of the district court allowing plaintiffs recovery of revenues in the sum of $8,398.20, is amended to limit recovery to the sum of $2,408.07, and as amended, the judgment is affirmed.
Amended and affirmed.