307 So.2d 749 (1975)
Hayward BRYANT, Sr., et al.
v.
The TRAVELERS INSURANCE CO. et al.
No. 9265.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
*751 A Detusche O'Neal, Houma, for appellants.
Francis Dugas, Thibodaux, for appellees.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
This lawsuit is the result of an automobile accident in which an automobile was driven into Bayou Lafourche at the pontoon bridge crossing the bayou at Valentine Plantation in Lafourche Parish, the bridge having been moved to an open position for boat traffic, and plaintiffs alleging they were given no indication by barricade, lights or otherwise that the pontoon was not in position for automobile traffic. In addition to the usual issues of negligence and quantum, this case also involved the procedural issue of whether plaintiffs had abandoned their tort action by failure to take any steps in the lawsuit's prosecution for a period of five years as contained in C.C.P. Art. 561. The trial court ruled that the action was not abandoned, and then it rendered a judgment in favor of plaintiffs.
The First Circuit Court of Appeal reversed and rendered judgment for defendants holding that the suit had been abandoned as reported at 277 So.2d 681 (La.App. 1st Cir. 1973). The Supreme Court issued writs of certiorari and review 279 So.2d 684 (La.1973), and in its opinion reported at 288 So.2d 606 (La.1974) held that the suit was not subject to dismissal on the ground that it has been abandoned. It ordered that the case be remanded to the First Circuit Court of Appeal for further proceedings, which matter is now before us.
Mr. and Mrs. Hayward Bryant, Sr. filed suit for the wrongful death of their twenty-two year old son, Hayward Bryant, Jr., who drowned when the automobile he was operating plunged through the open Valentine pontoon bridge into Bayou Lafourche. They asked also for funeral expenses and for the loss of support of their son.
Percy Smith, who was a passenger in young Bryant's automobile at the time of the fatal plunge, sued for personal injuries.
Suit was brought against the Lafourche Parish Police Jury; its insurer, The Travelers Insurance Company; and Whitney Roger, the bridge tender of the bridge in question at the time of the accident.
The case was tried before Judge Louis Watkins, but after the retirement of Judge Watkins, the case was assigned to Judge Remy Chiasson who rendered judgment based on evidence contained in the record.
The judgment of the Lower Court was against all defendants in solido and in favor of Hayward Bryant, Sr. in the sum of $12,500.00, in favor of his wife, Mrs. Lizzie Bryant, in the sum of $12,500.00, and in favor of Percy Smith in the sum of $1,086.16, all of the amounts being subject to legal interest from date of judicial demand, and the judgment ordering defendants to pay all costs of the proceedings. Defendants motion for a new trial was overruled, and defendants appealed suspensively and devolutively.
The accident occurred on August 4, 1961 at about 10:15 p. m. when Hayward Bryant, Jr. drove his 1953 Chevrolet automobile into Bayou Lafourche at the pontoon bridge crossing at Valentine Plantation. In the car with him were Percy Smith sitting in the back seat and Joseph Muse who was riding as a passenger in the front seat. Bayou Lafourche flows in a generally southerly direction, and it is paralleled on its east bank by Louisiana Highway 308 and on its west bank by Louisiana Highway 1. Hayward Bryant, Jr., Percy Smith and the other passenger had been at the Hayward Bryant, Sr. house at Valentine Quarters from which they drove out to Louisiana Highway 308, south on it some 700 feet to the intersection of the road connecting Highway 308 to Highway 1 by the pontoon bridge in question, then to the right onto that road and in a generally westerly direction some 150 or 200 feet at *752 which time their car plunged into Bayou Lafourche. Only Percy Smith survived the accident. Alfred Dufrene, who was the captain of the tug boat which was proceeding up Bayou Lafourche and for which the bridge had opened, testified that he was an eye witness to the accident. Donald Cretini, who was driving his vehicle north on Highway 1 and had just passed the road connecting Highway 1 with the bridge, also testified that he saw the accident.
With this physical situation in mind, let us now consider the negligence of the Lafourche Parish Police Jury and Whitney Roger. Photographs taken a few days after the accident by the Lafourche Parish Sheriff's Office show that the only warning devices available for the bridge tender's use are the usual barricade arms which are lowered across both sides of the highway on each end of the bridge to stop automobile traffic. The barricade arms in question were operated manually by the bridge tender who walked out to the approach on each end of the pontoon bridge and lowered the barricade arms before proceeding to open the pontoon for boat traffic. There were no colored, blinking, or other lights of any kind on the east side of the pontoon bridge, which was the side from which Bryant drove, except for a light similar to a street light. Percy Smith testified that the barricade arms were not down which would have indicated that the bridge was open for automobile traffic at the time the vehicle in which he was riding passed them. The bridge tender, Whitney Roger, testified that he had put them down. However, Donald Cretini, who was a witness and not a party to this lawsuit, testified that the barricade arms were not down on the Louisiana 1 side of the bayou. Furthermore, the barricade arms could not have been down inasmuch as the Bryant automobile would have crashed into them and broken them if they had been down at the time the auto drove through. Whitney Roger, the bridge tender, testified that sometimes others raised the barricade arms after he had put them down, but he said that he was not responsible to check them or to go back and lower them after he had done so the first time if someone did this. He further testified that he did not see anyone raise the barricade arms at the time in question. In summary, we know that the barricade arms were the only warning devices available to warn motorists that the bridge was open for boat traffic, and we know that the arms were not lowered at the time of the accident in question. We do not know whether Whitney Roger lowered the barricade arms at the time in question, and if he did, whether someone came after him and raised them. However, even if we assume Mr. Roger lowered the barricade arms and someone raised them, since these barricade arms were the only warning available to motorists that the pontoon was being moved out of position for automobiles to pass and since the bridge tender testified that other persons sometimes raised the barricades, we find Lafourche Parish Police Jury and Whitney Roger negligent for failure to follow a procedure which would lock the barricade arms down while the pontoon was being moved to the side or provide some other means of warning to motorists.
Defendants believe that plaintiffs were contributorily negligent in attempting to cross the bridge at an unsafe speed and in failing to see that the bridge had been opened to boat traffic.
On the question of the speed of the Bryant automobile, Percy Smith testified that Hayward Bryant, Jr. was not driving over 10 or 15 miles per hour, and no other evidence leads us to believe otherwise. However, defendants' witnesses testified that the speed limit on the bridge was 5 miles per hour. However, we do not find that a speed limit was posted anywhere on the bridge or on the approach to the bridge as shown by the pictures taken by the deputy of the Lafourche Parish Sheriff's Office. Furthermore, under the circumstances, there is no indication that the difference *753 in 5 miles per hour and 10 or 15 miles per hour would be a cause in fact of the accident.
With regard to whether Hayward Bryant, Jr. and Percy Smith failed to see what they should have and thus were negligent in failing to observe that the bridge had been moved to allow boat traffic to pass, we find the following. As already stated there were no warning devices, as such, available to the occupants of the automobile. The bridge tender's house was located on a pontoon as were some lights to aid boat navigation. Only by negative implication could we say that the occupants of the car were warned that the bridge had been moved by saying that they should have known such to be the case when they did not see the bridge tender's house or the navigation lights in front of them. We do not believe this negative warning to be sufficient warning to the occupants of the automobile to find them contributorily negligent for failure to see that the bridge had been moved.
Counsel for defendants also asserts that if the driver of the automobile had looked down the bayou he could have seen that the pontoon had moved. We do not think that this is a proper requirement of the driver of a vehicle. His attention should be in front of him and behind, and he has no reason to be looking up or down the bayou. This is similar to the care required of a motorist proceeding across an intersection on a favorable traffic light. His primary responsibility is to traffic moving in the same or the opposing direction and not to traffic approaching from his left or right. See Hartford Accident & Indemnity Company et al. v. Finley, 282 So.2d 830 (La.App., 1st Cir. 1973) and the cases cited therein for a discussion of this point. In our opinion, Hayward Bryant, Jr. and Percy Smith were under no duty to check for a boat or an opened pontoon bridge to their left.
Counsel for defendants devoted considerable time in the Lower Court in trying to establish the position of the apron which connected the roadway to the pontoon. The apron worked like a hinge, the pivot being on the bank and from there the apron extended some seven feet out over the water to reach the pontoon. This was apparently done in an attempt to show that the apron was raised enough that the occupants of the automobile should have realized that the pontoon was being moved. The approach leading up to the bridge was black top and naturally dark in color. There was testimony that the apron was likewise dark in color, and without going into all of the contradictory testimony, we are satisfied that the apron was raised only enough for the bridge tender to move the pontoon. The Bryant automobile apparently had no problem crossing the apron, and we do not believe that the small elevation of the apron would sufficiently warn the occupants of an automobile that the pontoon was being moved inasmuch as the apron would normally move up and down to some extent with the water level. Therefore, we do not find Hayward Bryant, Jr. or Percy Smith contributorily negligent by failing to recognize that the apron of the pontoon had been raised enough to allow the pontoon to be moved to the side for boat traffic to pass.
Defendants made much of the fact that a tugboat was coming up the bayou with its spotlight on. Its captain, Alfred Dufrene, testified that as he approached the pontoon bridge in question he first moved his spotlight beam from side to side in checking his approach to the bridge, and then he fixed his beam on the extended apron of the bridge extending out from the east bank. We do not know whether the spotlight was in the process of searching from side to side or whether it had been fixed on the apron of the bridge at the time the Bryant automobile drove into Bayou Lafourche. From the time sequence, it probably had already been fixed *754 on the apron at the time of the accident and would seem to be less noticeable than if it were searching from side to side. Furthermore, there was testimony that the bayou was straight for a long distance to the south of the bridge and if the occupants of the automobile did see the beam of a spotlight, it was not necessary for them to conclude that the bridge had already been opened for boat traffic. Driver and passengers alike could have assumed that the boat was too distant for the pontoon to have moved. The contributory negligence of Hayward Bryant or Percy Smith cannot be assumed but must be proved.
On the question of quantum, the evidence shows that Hayward Bryant, Jr. was the single, 22 year old son of plaintiffs, Mr. and Mrs. Hayward Bryant, Sr. There was further testimony that though he was not living with them, he contributed toward the support of his parents to the extent of $20.00 to $35.00 per month plus groceries which he brought to their home from time to time. In light of this evidence, we will not disturb the award of the Lower Court.
Percy Smith was hospitalized overnight following the accident after which he went to Clinton, Louisiana where he had someone to take care of him. In Clinton he was seen by Dr. George T. McKnight eight times over a five and one-half month period for charges of $86.16. Dr. McKnight states in his written report that he feels that this patient had a cerebral concussion, lacerations of both elbows and multiple bruises. We find the award to Percy Smith by the Lower Court to be proper.
For the above and foregoing reasons the judgment of the Trial Court is affirmed at defendants-appellants' costs.
Affirmed.