330 So.2d 891 (1976)
Mrs. Patsy W. TEMPLE, Ind., etc., et al.
v.
LIBERTY MUTUAL INS. CO. et al.
Nos. 56803, 56928.
Supreme Court of Louisiana.
February 23, 1976.
Rehearing Denied May 14, 1976.[*]
*892 Arthur B. Haack, Walker P. Macmurdo, Baton Rouge, for plaintiff-applicant in No. 56803 and for plaintiff-respondent in No. 56928.
Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-applicant in No. 56928 and for defendant-respondent in No. 56803.
MARCUS, Justice.
Mrs. Patsy W. Temple, individually, as administratrix of her husband's succession, and as tutrix of their three minor children, instituted this action against defendants for damages arising out of an automobile accident in which her husband was fatally injured. After trial by jury, a verdict was returned in favor of plaintiffs, who were awarded, in the aggregate, a total sum of $741,000.00 in damages. The trial judge signed a judgment in accordance with the verdict and subsequently denied defendants' motion for a new trial. Defendants appealed. The court of appeal affirmed the trial court's judgment insofar as it held defendants liable, but reversed the awards of damages in favor of plaintiffs and remanded the case to the trial court for a new trial on the issue of damages only. 316 So.2d 783 (La.App. 1st Cir. 1975). We granted the applications of both parties for certiorari. 320 So.2d 555, 556 (La.1975).
The court of appeal gave two reasons for its decision to remand the case for a new trial on the question of quantum. First, the court stated that the trial judge instructed the jury erroneously regarding the damages plaintiffs could recover for the decedent's pain and suffering resulting from the accident. It concluded that this could have improperly influenced the jury in making its awards for damages. Second, it felt that the closing argument of plaintiffs' counsel was so prejudicial and inflammatory that it was reasonably calculated to incite the jury to award damages in excess of those the jury might have awarded in the absence of such argument.
We are of the opinion that the court of appeal erred in remanding the case for a new trial on the issue of quantum. In Gonzales v. Xerox Corp., 320 So. 2d 163 (La.1975), we stated that an appellate court, if it has a complete record of all the necessary evidence before it, has a constitutional duty[1] to review the facts of a case as well as the law and to render a judgment on the merits. The court of appeal was in possession of the necessary evidence adduced at trial. Indeed, it reviewed this evidence and affirmed the jury's finding of liability on defendants' part. It should also have rendered a judgment on the question of quantum. An appellate court, even if it believes that errors committed at trial influenced the jury's verdict, must undertake an independent evaluation of the facts and adjudicate the controversy before it. Gonzales, supra.
When a court of appeal has erroneously remanded a case for a new trial on account of jury trial irregularities, upon granting certiorari it has been our practice, *893 following our holding in Gonzales, to remand summarily such a case to the court of appeal for further consideration of the trial record and for decision on the merits. See, e. g. Couto v. Oms, 323 So.2d 128 (La.1975); Reeves v. Gulf States Utilities Co., 320 So.2d 902 (La.1975). Rather than follow that procedure herein, we chose to hear arguments in this case because of our doubt as to the correctness of the appellate court's conclusion that the jury charge regarding pain and suffering, and the rebuttal argument of plaintiff's counsel, improperly influenced the jury's damage awards.

I.
The Trial Judge's Instruction to the Jury on Pain and Suffering
With regard to the damages recoverable for the decedent's pain and suffering, the trial judge instructed the jury as follows:
As to Mrs. Temple, the widow, you must consider * * * the physical pain and suffering, if any, experienced by her husband between the time of the accident and his death;
As to each of the three children * * * you must consider * * * the physical pain and suffering, if any, experienced by the father between the time of his accident and his death. In this latter regard, I instruct you that should you find that the decedent did in fact experience pain and suffering you are to award one-fourth of any monetary value placed thereon to each of the plaintiffs herein.
Defendants objected at trial that the foregoing charge was abstract in that there was no evidence that the decedent regained consciousness between the time of the accident and his death. They contend, and the court of appeal agreed with their cotention, that this instruction should not have been submitted to the jury and that the trial judge should have even instructed the jury that no award could be made for pain and suffering in this case.
In our view, the trial judge's instruction on pain and suffering was proper. Although the decedent in this case apparently survived for only a matter of minutes after the accident, he was not killed instantaneously. Thomas L. Tyler, who heard the collision from nearby and went to the scene of the accident, testified that the decedent showed signs of life and that he "was making a gagging sound." Upon being questioned by defense counsel as to whether decedent showed any signs of life or made any noise immediately after the accident, defendant driver, George A. Kuntz, testified that decedent made "a snoring noise." During cross-examination by defense counsel, Officer Ray Farris testified that Trooper Shirley had told him that decedent "had moved or had a sound, or something to that effect. ..." Mrs. Temple testified that when she saw her deceased husband at the morgue several hours after the accident his face had a grimace on it much like ones she had seen on his face when he was in pain. Several cases in our jurisprudence have awarded damages for a decedent's pain and suffering when there is evidence that the decedent made noises and movements indicating that he was sensitive to and aware of pain. Crisman v. Shreveport Belt Ry. Co., 110 La. 640, 34 So. 718 (1902); Caldwell v. United States Cas. Co. of New York, 129 So.2d 813 (La.App. 2d Cir.), cert. denied (1961); Langenstein v. Reynaud, 13 La. App. 272, 127 So. 764 (La.App.Orl.1930). In Andrus v. White, 101 So.2d 7 (La.App. 1st Cir.), rev'd in part on other grounds, 236 La. 28, 106 So.2d 705 (1958), it was stated that damages for pain and suffering are not precluded if there is "a scintilla of evidence of any suffering or pain on the part of the deceased by his actions or otherwise during his unconscious hours from the time he was injured until his death.. . . " Since there was some evidence the decedent uttered sounds that the jury could reasonably construe to be manifestations *894 of pain, the trial judge did not err in submitting the issue of the decedent's pain and suffering to the jury for its consideration. The existence and extent of such pain and suffering was a question for the jury to determine.[2]

II.
The Rebuttal Argument of Plaintiffs' Counsel
Plaintiffs' counsel, during the course of his rebuttal argument to the jury, made outright appeals to prejudice against defendant insurer, characterizing it as soulless and devoid of feeling, charging unfairness and oppression in its dealing with plaintiffs, and even suggesting to the jury that it could punish the insurer through its verdict. We agree with defendants and with the court of appeal that such argument was improper.[3]
We believe, however, that corrective measures were taken by the trial judge that served to counteract the effect of plaintiff's rebuttal argument upon the jury. The trial judge, in his instructions to the jury, cautioned that it could award no damages for punishment, that defendant insurer and plaintiffs should be treated as equals, and that the argument of counsel was not evidence.
We also note that defense counsel made only two objections, the first of which was sustained, to the remarks of plaintiff's counsel. He entered both objections toward the close of the rebuttal argument. Defense counsel's failure to object to several other statements that he alleges were also prejudicial constitutes a waiver of his right to complain of them on appeal. See Luquette v. Bouillion, 184 So.2d 766 (La.App. 3d Cir. 1966).
Moreover, counsel has great latitude in argument before a jury, subject, however, to regulation and control by the court, whose duty it is to confine argument within proper bounds. The trial judge denied defendants' motion for a new trial, which alleged, inter alia, that the prejudicial argument of plaintiffs' counsel warranted the granting of a new trial. The trial judge is in a better position than an appellate court to determine possible prejudicial effects resulting from counsel's argument before a jury. Therefore, his finding that counsel for plaintiffs' argument was not so prejudicial as to warrant the granting of a new trial should be accorded much weight.
In view of the circumstances set forth above, we find that the court of appeal erred in concluding that the rebuttal argument of plaintiffs' counsel was so prejudicial as to be reversible error.

III.

Conclusion
We therefore remand this case to the court of appeal and direct it to review the trial record and render judgment on the issue of quantum. Because defendants' contention that the jury was improperly influenced by the jury charge regarding pain and suffering and the rebuttal argument of plaintiffs' counsel is without merit, the court of appeal is not to disturb the awards on this account. It should exercise its constitutional duty to review the law and facts and thereafter render a judgment on quantum based upon the merits, determining whether the jury has abused the "much discretion" that the law accords it in awarding damages. La.Const. art. 5, § 10(B) (1974); La.Civil Code art. 1934(3).
We express no opinion concerning the liability of defendants in this case or the *895 correctness of the jury's damage awards. Either party has the right to have us consider these issues should he apply to this court for a writ of certiorari from a final judgment of the court of appeal.

DECREE
For the reasons assigned, that portion of the judgment of the court of appeal reversing the awards for damages made in favor of plaintiffs by the trial court and remanding the matter for a new trial on the issue of damages is reversed, and the case is remanded to the court of appeal for further proceedings not inconsistent with the views herein expressed. The costs of this proceeding are assessed equally against the parties; further assessment of costs is to await the outcome of the litigation.
SUMMERS, J., concurs with reasons.
DIXON, J., concurs.
SUMMERS, Justice (concurring).
Without evidence to support the conclusion, I cannot agree that the unconscious Mr. Temple suffered pain while in that state.
NOTES
[*] Dixon and Dennis, JJ., were of the opinion that a rehearing should be granted.
[1] La.Const. art. 5, § 10(B) (1974).
[2] It should be noted that the jury did not apportion its award to each plaintiff into items of damage. It therefore cannot be determined how much, if any, of its awards are attributable to its calculation of the decedent's pain and suffering.
[3] See 75 Am.Jur.2d § 280 et seq., at 356-63 and cases cited therein.