339 So.2d 441 (1976)
Rudolph WALKER and Bertha Landeche, his wife
v.
The ST. PAUL INSURANCE COMPANIES et al.
No. 10863.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
Writ Granted January 21, 1977.
*442 Kenneth E. Barnette, Baton Rouge, for the St. Paul Insurance Co., and others, appellants.
Joel T. Chaisson, Luling, for Rudolph Walker and Bertha Landeche, his wife, appellees.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
Robert and Janice Walker, husband and wife, died as a result of injuries sustained in a head-on collision which occurred on the extension of Nicholson Drive, Baton Rouge, Louisiana.
The plaintiffs, parents of Robert Walker, brought suit as surviving beneficiaries under *443 LSA-C.C. art. 2315 for their son's wrongful death and for his pain and suffering and, as heirs of their son, for his wife's wrongful death and for her pain and suffering.
The case was tried before a jury. Liability was stipulated; the only issue was quantum. The jury returned a general verdict in the amount of $225,000, $112,500 to each plaintiff. Defendant's motion for a new trial or, alternatively, for remittitur, was denied, and this appeal followed.
The sole issue before us is quantum.
We will treat each cause of action separately and determine whether the jury abused its discretion in the total award given.
Survival action of Janice Walker
Janice Walker lived at most but 15 minutes following the accident. Her husband, Robert Walker, survived her by some 30-45 minutes. Therefore, when she died, he was vested with a right of action for her pain and suffering and for his own damages for her wrongful death. These rights were inherited by the plaintiffs upon Robert's death, LSA-C.C. art. 2315.
That the deceased be conscious from the time of injury until his death is no prerequisite to the recovery of damage in a survival action. There must nevertheless be some evidence by which the trier of fact can reasonably infer a sensitivity to or awareness of pain by the deceased. Temple v. Liberty Mutual Insurance Company, et al., 330 So.2d 891 (La.1976), on remand, 336 So.2d 299 (La.App. 1st Cir. 1976).
Randall Guidry was an eyewitness to the collision and helped remove Janice Walker from the wreck within seconds of its occurrence. He testified that she was unconscious, but that she groaned once as she was removed from the car. State Trooper Dreher reached the scene 15 minutes after the accident occurred, and he testified that Janice was dead when he examined her.
We conclude that the jury could have found that the groan was indicative that Janice suffered some pain. Factors to be considered in assessing quantum for pain and suffering are the severity and duration thereof. Considering the paucity of evidence adduced as to the severity of the pain and the extremely short duration thereof, we believe that an award of $2000 would have been sufficient. See, e.g., LeBlanc v. Estate of Blanchard, 266 So.2d 918 (La.App. 4th Cir. 1972); Hall v. State Through Department of Highways, 213 So.2d 169 (La.App. 3rd Cir. 1968); Caldwell v. U.S. Casualty Company of New York, 129 So.2d 813 (La.App. 2nd Cir. 1961).
Survival action of Robert Walker
Robert Walker died en route to the hospital, about an hour after the accident occurred. The trooper at the scene observed extensive injuries to his legs, pelvis, face, neck and arms. Pneumatic extricators were required to free him from the wreckage. During this time, Robert groaned and moaned intermittently, though he made no intelligible sounds.
These facts would support a conclusion by the jury that Robert suffered some pain during his last hour. Considering these circumstances and the relatively short duration, we deem an award of $5000 sufficient. See, e.g., LeBlanc, Hall, and Caldwell, supra.
Wrongful death of Janice Walker
When Janice died, this right of action vested in Robert as surviving beneficiary under LSA-C.C. art. 2315 and, upon his death, was inherited by his parents, the plaintiffs.
The elements of damage of wrongful death are loss of love, affection and companionship, loss of support, and funeral expenses. The measure of damages for loss of love, affection and companionship is analogous to that for pain and suffering; that is, there must be an awareness of the loss by the deceased before he dies (here a conscious awareness necessarily, since the loss is by its nature a mental condition) and a consideration by the trier of fact of the duration of the anguish. *444 Wakefield v. Government Employees Insurance Company, 253 So.2d 667 (La.App. 4th Cir. 1971).
The standard of proof in a civil case is a preponderance of the evidence; i.e., when the evidence as a whole shows that the event or causation sought to be proved is more probable than not. Hall, supra.
We cannot conclude, on the record before us, that the evidence adduced supports a finding by the jury that Robert was ever aware of the loss of his wife. The evidence preponderates that Robert never regained consciousness, in the sense of the term connoting emotion or thought. Moreover, assuming arguendo a conscious awareness, there is neither any evidence that Robert was told or could have known of his wife's death. Guidry testified that he told Robert only that he had removed Janice from the car and that Robert made no intelligible reply.
Relative to the loss of support, plaintiffs contend that this determination should be made as of the time of Janice's death, without considering Robert's death soon thereafter. This argument was treated and rejected in Wakefield, supra, where it was held that the measure of damage is the amount the surviving beneficiary (Robert) was entitled to receive from the time of the tort victim's (Janice's) death until the time of the beneficiary's (Robert's) death. Under the facts herein, there would be no measurable damage because of the extremely short period of time involved. The trial judge correctly instructed the jury on this point of law; therefore we must assume that no damages were assessed.
Robert, the beneficiary, incurred no funeral expenses.
Wrongful death of Robert Walker
As surviving beneficiaries under LSA-C.C. art. 2315, the plaintiffs are entitled to compensation for the death of their son.
Plaintiffs' ambulance and funeral expenses were $2,975.00 or $1,487.50 each.
The plaintiffs have claimed also as damages their loss of support by their son. To be compensated for such a claim, plaintiffs must show actual prior monetary support, Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1976). While there was some testimony relative to Robert's having worked at different jobs around his parents' home, there was no such monetary support shown. Hence no recovery could be had therefor.
Relative to the plaintiffs' loss of the love, affection and companionship of their son, we have reviewed similar cases of this nature, not with a mind to enforce uniformity in such awards but as aids to determine whether the awards herein were so disproportionate as to constitute an abuse of discretion by the jury.
We find the highest awards to parents for the death of a child to be in the range of $40,000 per parent. See Ogaard, supra; Dixon v. Wiley, 325 So.2d 653 (La.App. 3rd Cir. 1976); Wright v. Ramano, 279 So.2d 735 (La.App. 1st Cir. 1973). While important factors in those cases were that the children were minors living at home or the only children of the parents, neither of which is present herein, we feel that the strong and loving relationship between Robert and his parents, together with his outstanding personal qualities, on balance would justify a similar award.
We now turn, with this in mind, to the question of whether the jury abused its "much discretion" herein.
To determine the amount awarded by the jury to each plaintiff for the loss of love, affection and companionship, we initially subtract from the total award of $112,500 each, those items of damages previously discussed and allowed:

*445
(1) Ambulance and funeral
 expenses ............. $1,487.50 each
(2) Robert's pain and
 suffering ............. 2,500.00 each
(3) Janice's pain and
 suffering ............. 1,000.00 each
 Total $4,987.50 each

$4,987.50 from $112,500 leaves $107,512.50 to each parent for the loss of their son. Comparing these awards with the highest previous awards of $40,000 per parent, we find them excessive and a clear abuse of discretion. Accordingly, judgment will be amended to reduce the awards to each parent from $112,500 to $44,987.50.
AMENDED AND AFFIRMED.