343 So.2d 251 (1977)
Rudolph WALKER and Bertha Landeche, his wife
v.
The ST. PAUL INSURANCE COMPANIES et al.
No. 10863.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
Writ Refused May 11, 1977.
*252 Kenneth E. Barnette, Baton Rouge, of counsel for defendants-appellants The St. Paul Insurance Co., and others.
Joel T. Chaisson, Luling, of counsel for plaintiffs-appellees Rudolph Walker and Bertha Landeche, his wife.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This matter is now before us on remand from the Honorable Supreme Court, State of Louisiana, with instructions to review our assessment of quantum in light of the recent decision rendered by them in Coco v. Winston Industries, Inc. et al., rendered by the Supreme Court on December 13, 1976, La., 341 So.2d 332, rehearing denied 1977.
We here state that it is our understanding of Coco, that Justice Calogero, in speaking for the 4-Judge Majority on page 335 of the opinion, holds that after an intermediate appellate court concludes that the trier of fact (whether judge or jury) abused its "much discretion" in determining the amount of the award, that the reviewing court is not free to re-evaluate the award as if it were deciding the case ab initio, but can reduce the excessive award only down to the highest point wherein the award will not be abusively high.
What we did in this case, although prior to Coco, was precisely that procedure. We allocated to each compartment of damages the highest justifiable award, added them up and arrived at a total, and then checked that total against the jury's total amount.
We note that this was basically the same approach used by Judges Landry, Covington and Ponder of this court in Temple v. Liberty Mutual Insurance Co. et al., 336 So.2d 299 (La.App. 1st Cir. 1976) writ refused, 339 So.2d 23 (La.1976).
Janice Walker died almost instantly. She lived at most 15 minutes, and may not have been conscious during that time. The duration of suffering has always been a factor in determining the amount of an award for pain and suffering. It strikes us that if a court awards some high amount for one-quarter hour of suffering, then based on ratio and proportion an argument can be made for unbelievably high amounts if a year or more of suffering is involved. However in order to more fully comply with Coco, the highest non-abusive amount we can justify for Janice's hypothetical pain and suffering will be $5,000.00 instead of $2,000.00.
Robert Walker died about one hour after the accident. He evidenced slightly more consciousness and lived longer than Janice. Accordingly, we allocated to his pain and suffering more than twice what we allocated to Janice. Since we have raised Janice's pain and suffering, we also must therefore raise Robert's, and the highest we can justify here is $10,000.00 compared to our earlier judgment of $5,000.00.
With respect to the wrongful death of Janice Walker, Mr. and Mrs. Walker (plaintiffs) inherited Robert's cause of action for Janice's death upon his death. There is no evidence that Robert was ever aware of the loss of his wife. Therefore, as a matter of law, we could make no award for it. It is to be noted that one factor involved in making this award much lower than the jury award is that we are unable to make any award for the wrongful death of Janice Walker.
With respect to the wrongful death of Robert Walker, his parents are certainly *253 entitled to recover. Here we have a major child, married, and living away from home, and from whom the parents were not receiving support. There was a strong and loving relationship between Robert and his parents. This was taken into consideration in awarding $40,000.00 to each parent for this loss. Our award of $40,000.00 to each parent, equal to the highest amount previously awarded for minor children living at home, and almost double the amount for major children living away from home, was as high as we thought possible under the circumstances.
In Ogaard v. Wiley, 325 So.2d 642 (La. App. 3rd Cir. 1976), $40,000.00 was awarded to the mother of a 14 year old girl, and $35,000.00 was awarded to the father. The parents were divorced and the father saw the child less than the mother.
In Womax v. Earl Gibbon Transport, Inc., 226 So.2d 573 (La.App. 4th Cir. 1969), $20,000.00 was awarded to each parent of a 20 year old son.
Bryant v. Travelers Insurance Company, 307 So.2d 749 (La.App. 1st Cir. 1975) represented $12,500.00 to each parent of a 22 year old son, living away from home, and contributing some modest support help to his parents.
When the highest prior awards for major children are in the $20,000.00 range, can we honestly say that $107,512.00 is not an abuse of discretion? In Temple, supra the Supreme Court reaffirmed the constitutional duty of this court to review law and facts. If we have the duty, then some reasonable guidelines must be used to determine an abuse of discretion. Other awards, while not used for achieving uniformity, do serve as aids in determining whether a particular award is so out of line as to be an abuse of discretion. Gaspard v. Le Maire, 245 La. 239, 158 So.2d 149 (1963).
Loss of support and similar economic losses can be calculated with some degree of precision. Loss of love and affection is more nebulous, and less easy to put a handle on. It is troublesome for trial courts as well as reviewing courts. Much can be said for the proposition that no amount of money, $10,000.00 or $10,000.00 is adequate for loss of love, companionship and affection. However, dollars are all that is available. Nonetheless, we are unable to conclude that a quarter of a million dollars is a reasonable amount of money to require a defendant to pay to parents for the death of an adult child living away from home and with no financial support being provided by him to them. We think an award of that magnitude, inflation notwithstanding, was an abuse of much discretion. LSAC.C. Art. 1934(3).
It seems worthwhile to state that an intermediate appellate court does not want to be a "Scrooge" in taking damage awards away from people, but that it does have a legitimate function to serve by taking into consideration the economic realities of excessive judgments.
For the above and foregoing reasons our previous judgment is reaffirmed, except to the extent of increasing the award to each parent for Robert's pain and suffering from $2,500.00 to $5,000.00; and increasing the award to each parent for Janice's pain and suffering from $1,000.00 to $2,500.00, at appellant's cost.
AMENDED AND REAFFIRMED.