David L. MILLER, Sr. and Mrs. Ruthie Miller, Plaintiffs-Appellants,

v.

NATIONAL FIRE AND MARINE INSURANCE COMPANY et al., Defendants-Appellees.

No. 76–3169.

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1978.

Rehearing Denied Sept. 25, 1978.

William B. Baggett, Lake Charles, La., for plaintiffs-appellants.

Joseph F. Keogh, Baton Rouge, La., for Allstate Ins. Co.

Before COWEN *, Senior Judge, GOLD-BERG and AINSWORTH, Circuit Judges.

GOLDBERG, Circuit Judge:

■ This diversity tort case arises from a multiple fatality automobile accident which occurred near Gonzales, Louisiana on December 1, 1974. Several related actions were consolidated for trial below; the district court ordered the issues of liability and damages to be tried separately. Insofar as relevant here, the jury found liability and awarded the plaintiffs-appellants, Mr. and Mrs. David L. Miller Sr., damages of $25,-000 each for the death of their five-year-old son, David L. Miller Jr. The primary issue raised by Mr. and Mrs. Miller on this appeal is whether the district court erroneously refused, over objection, to instruct the jury with respect to plaintiffs' right under Louisiana law to recover for the deceased's pain and suffering resulting from the fatal injury.[1] After examining the record below and the applicable law, we conclude that the district court erred in failing to so instruct the jury. Appellants' motion for a new trial on the issue of damages should have been granted, and we remand for a new trial on quantum.

■ The substantive law to be applied in this case is that of the State of Louisiana. While the Louisiana courts have ofttimes stated that there must be evidence of "conscious pain and suffering" before a recovery will be allowed, *see, e. g., Addison v. Travelers Insurance Company*, 281 So.2d 805, 813 (La.App.1973); *Wakefield v. Government Employees Insurance Company*, 253 So.2d 667, 670 (La.App.1971); *Palmer v. American General Insurance Company*, 126 So.2d 777, 781–83 (La.App.1960), recent cases have made clear that an award for pain and suffering is permissible when there is evidence that the decedent was "sensitive to and aware of pain." *Temple v. Liberty Mutual Insurance Company*, 330 So.2d 891, 893 (La.), *on remand*, 336 So.2d 299 (La.App.1976); *Walker v. St. Paul Insurance Companies*, 339 So.2d 441 (La.App.1976), *remanded on other grounds*, 341 So.2d 554 (La.), *on remand*, 343 So.2d 251 (La.App. 1977).

In the *Temple* case, the defendant contended "that there was no evidence that the decedent regained consciousness between the time of the accident and his death," 330 So.2d at 893, and that the trial judge should have instructed the jury that no award could be made for pain and suffering. In rejecting these contentions, the Louisiana Supreme Court noted that although the decedent apparently survived for only a matter of minutes after the accident, he was not killed instantaneously. Furthermore, witnesses at the scene testified that the decedent showed signs of life, made "a gagging sound" and/or "a snoring noise", and "had moved or had a sound, or something to that effect. . . . " *Id.* The court cited prior Louisiana cases awarding damages for decedent's pain and suffering "when there is evidence that the decedent made noises and movements indicating that he was sensitive to and aware of pain," *id.*, and reiterated language to the effect that such damages could be awarded if there is "a scintilla of evidence of any suffering or pain on the part of the deceased by his actions or otherwise *during his unconscious hours* from the time he was

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. The Miller's action was brought pursuant to Article 2315 of the Louisiana Civil Code, which provides both for the survival of actions and for recovery for wrongful death. It is uncontested that damages for the decedent's pain and suffering may be recovered in actions under Article 2315. Plaintiffs' complaint made specific reference to recovery for "the conscious pain and suffering of the deceased minor child," and pre-trial discovery included the deposition of Mr. Walter Grantham relating to David Jr.'s pain and suffering. While the pre-trial order referred to a claim for "wrongful death," we do not construe this reference in its statutory and factual context as excluding recovery for the decedent's pain and suffering, classically an element of damage in a survival action. *See, e. g.*, Prosser, Law of Torts (4th ed. 1971) at 906. In any event, the court received evidence at trial, without objection, of David Jr.'s pain and suffering. No claim of prejudice is made by appellees. In these circumstances, we believe the issue of recovery for pain and suffering was fairly raised at trial.

injured until his death . . . ." *Id.,* *quoting Andrus v. White,* 101 So.2d 7 (La. App.), *rev'd in part on other grounds,* 236 La. 28, 106 So.2d 705 (1958). (Emphasis added). The *Temple* court concluded:

> Since there was some evidence the decedent uttered sounds that the jury could reasonably construe to be manifestations of pain, the trial judge did not err in submitting the issue of the decedent's pain and suffering to the jury for its consideration. The existence and extent of such pain and suffering was a question for the jury to determine.

330 So.2d at 893–94 (note omitted).

In *Walker, supra,* a still more recent case, an intermediate Louisiana court applied *Temple* in reviewing recoveries for the pain and suffering of two decedents, one of whom "was unconscious, but . . . groaned once as she was removed from the car" and died within fifteen minutes following the accident, 339 So.2d at 443, and the second of whom "groaned and moaned intermittently, though he made no intelligible sounds" and died about an hour after the accident occurred. *Id.* The court found "evidence by which the trier of fact can reasonably infer a sensitivity to or awareness of pain by the deceased," *id.,* and specifically noted that it is not a prerequisite to the recovery of damages for pain and suffering "[t]hat the deceased be conscious from the time of injury until his death . . . ." *Id.*

In the instant case, the parties stipulated that David Jr. lived for approximately five hours after the accident. The death certificate and the hospital records show the interval between injury and death. Walter Grantham, one of the first people to arrive at the collision scene, testified that the child was alive and that he grunted, moaned and moved his head.[2] On the basis of this testimony, the plaintiffs contend that the trial court was required to submit the issue of pain and suffering to the jury.

 We find the manifestations of pain in the instant case virtually indistinguishable from those found sufficient to justify substantial jury awards for pain and suffering in the *Temple* and *Walker* cases.[3] We recognize, of course, that the Louisiana "scintilla of evidence" standard for raising a jury question is not applicable to a federal court in a diversity case. *Boeing Company v. Shipman,* 411 F.2d 365 (5th Cir. 1969) (en banc) ("It is well settled in this Circuit that in diversity cases federal courts apply a federal rather than a state test for the sufficiency of evidence to create a jury question." *Id.* at 368, note omitted). The applicable federal standard has been defined as whether there is "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Boeing, supra,* 411 F.2d at 374. Applying this federal standard to the case at bar, we find Mr. Grantham's testimony that David Jr. grunted and moaned and moved his head sufficient to raise a jury question as to whether David Jr. was "sensitive to and aware of pain." As we observed in *Boeing,* "it is the function of the jury as the traditional finder of facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." 411 F.2d at 375 (note omitted).

Lacking powers of omniscience, we as judges cannot know with certainty whether a less than fully conscious accident victim

---

2. His actual testimony was as follows:

"Question: Could you tell whether or not he was alive at that time?
Answer: Yes, sir, he was alive.
Question: Would you describe how he appeared, or did he make any movements or sounds?
Answer: Yes, sir. He made, he grunted and moaned, you know, like—he didn't come to. I don't think he was ever conscious. He just made some grunting noise and maybe moved his head a little bit."

3. Appellee argues that the plaintiffs have received fair and adequate compensation for their loss and that substantial justice has been done. We note that Louisiana courts have upheld damage awards as high as $10,000 for pain and suffering alone in circumstances similar to those presented here. *See Temple, supra,* 336 So.2d at 302 (on remand); *Walker,*

was sensitive to pain. Nor are juries composed of empaths, possessed of the capacity to experience immanently the suffering of others. But the peculiar genius of the jury system is its reliance on the common sense and common experience of ordinary men and women to determine definitively much that cannot be known absolutely. Moans and groans are ordinary manifestations of pain from which a reasonable jury might have inferred that David Jr. was sensitive to and aware of pain. That is enough to have entitled plaintiffs to argue pain and suffering to the jury and to receive a jury instruction on this issue. The court's failure to grant this instruction plainly affected substantial rights. Accordingly, we reverse the decision below and remand for a new trial on quantum.

■ With respect to the appellants' remaining points on appeal, we note that under Louisiana law parents are entitled to recover in actions for the wrongful death of their child for grief endured as well as for the deprivation of love, affection, and companionship. *See, e. g., Ogaard v. Wiley*, 325 So.2d 642, 650–51 (La.App.1975). We find no error in the court's mention of the age of the deceased as a factor relevant to the loss of love, affection and companionship. *See, e. g., Bell v. Sparrow*, 220 So.2d 729, 734 (La.App.1969); *Lewis v. State*, 176 So.2d 718, 730 (La.App.1965); *see generally In re Sincere Navigation Corporation*, 329 F.Supp. 652 (E.D.La.1971). The remaining points of error are unlikely to recur on remand and need not be addressed here.

REVERSED and REMANDED FOR NEW TRIAL on QUANTUM.

---

*supra,* 343 So.2d at 252 (on remand). There can be no doubt that awards of this magnitude are not *de minimus* and that the court's refusal in the instant case to instruct the jury on pain and suffering affected substantial rights.