FORET, Judge.
This is an action ex delicto in which Janet Austin (Plaintiff) seeks to recover damages for personal injuries and property loss which she sustained in a vehicular collision.
The named defendants are: Jo Ellen Cox, the driver of the other vehicle, and her automobile liability insurer, State Farm Mutual Automobile Insurance Company (State Farm); and, Lumberman’s Mutual Casualty Company (Lumberman’s), plaintiff’s alleged underinsured or uninsured motorists liability insurer. The action was tried before a jury which returned a verdict in favor of defendants. Plaintiff appeals and presents four issues for our determination:
(1) Whether defendant, Jo Ellen Cox, was guilty of actionable negligence, and if so,
(2) Whether the jury committed manifest error in failing to award plaintiff damages for loss of property;
(3) Whether the jury committed manifest error in finding that there was no aggravation of a pre-existing condition of the plaintiff resulting from the accident;
(4) Whether the jury committed manifest error in finding that plaintiff suffered no personal injuries in the accident.
FACTS
There is little or no dispute regarding the facts surrounding the occurrence of the accident which gave rise to this action. Plaintiff was driving her 1974 Oldsmobile to work on the morning of December 5, 1977. She was traveling north on Bilbo Street in the City of Lake Charles, Louisiana. Bilbo is a one-way thoroughfare with three marked lanes of travel. Plaintiff was traveling in the far left lane of Bilbo when she approached the intersection of that street with Pujo Street.
Defendant, meanwhile, was also northbound on Bilbo and was traveling in the middle lane as she too approached the above mentioned intersection. Defendant then attempted to make a left turn onto Pujo and, in doing so, crossed plaintiff’s lane of travel. Plaintiff was unable to stop in time and struck the left rear side of defendant’s vehicle. The investigating officer described the collision as a relatively minor one and neither party was taken to a hospital.
Plaintiff alleges that she suffered certain injuries and damage to her property as a result of defendant’s allegedly negligent conduct which caused the accident. A jury trial of this matter resulted in a verdict in favor of defendants. Plaintiff was granted a devolutive appeal from the judgment of the trial court dismissing her action against defendants, Jo Ellen Cox and State Farm.[1]
ALLEGED NEGLIGENCE OF JO ELLEN COX
Because of the verdict form used,[2] this Court is unable to determine if the jury made a finding on the issue of whether *711 defendant’s conduct constituted actionable negligence. However, our review of the record discloses ample evidence of defendant’s negligence and that such negligence was a cause-in-fact of personal injuries and property loss suffered by plaintiff.
The undisputed evidence shows that defendant attempted to make a left turn from the middle lane of a three-lane, one-way thoroughfare in violation of LSA-R.S. 32:101(3), which provides that:
“§ 101. Required position and method of turning at intersections The driver of a vehicle intending to turn at an intersection shall proceed as follows:

(3). Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle and after entering the intersection the left turn shall be made so as to leave the intersection, in the safest lane lawfully available to traffic moving in such direction upon the roadway being entered.”
There are numerous cases in the jurisprudence of this State in which a left-turning motorist is held to a high degree of care in executing that maneuver. Rond v. Sims, 355 So.2d 591 (La.App. 4 Cir. 1978), writ denied, 357 So.2d 1164 (La.1978), was an action involving facts very similar to those in the present action. The court in Rond, at page 592, stated:
“A left turning motorist is held to a high degree of care in executing his maneuver, and when he makes a left turn from a lane other than the normal left turn lane in front of a vehicle in the left lane, without making sure that lane is clear, his negligence is so apparent as not to require a discussion.”
Similarly, we find Jo Ellen Cox’s actionable negligence to be so apparent that no further discussion of this issue is required.
PLAINTIFF’S PROPERTY LOSS
The policeman who investigated the accident testified that the right front portion of plaintiff’s vehicle was damaged in the crash. Plaintiff introduced a written estimate which placed the total repair bill at $433.22 for such damages. The jury apparently found that plaintiff had incurred no property loss in the accident. Plaintiff argues that the jury committed manifest error in making this finding. We agree without further discussion.
AGGRAVATION OF PLAINTIFF’S PRE-EXISTING CONDITION
Plaintiff was approximately 25 years of age at the time of the accident. The general concensus among the medical experts testifying at trial was that a disc located in plaintiff’s spine had begun to degenerate before the accident occurred.
Plaintiff alleged that she had been violently tossed about the interior of her vehicle during the collision and that this aggravated the above mentioned pre-existing condition. However, it was apparently the jury’s determination that there was no aggravation of plaintiff’s pre-existing condition in the accident. Plaintiff argues that the jury committed manifest error in making this finding.
Plaintiff and defendant each called on medical experts to testify at the trial of this action by deposition or personal appearance.
Plaintiff introduced into evidence the depositions of Dr. Thomas Moore, an orthopedic surgeon and Dr. Antonio Moure, a neurosurgeon, both of whom were practicing in Houston, Texas. These two physicians performed surgery on the plaintiff in an attempt to rid her of chronic back pain. Plaintiff argues that both of these experts conclusively stated that her pre-existing disc problem became aggravated or symptomatic by the trauma received in the accident. However, defendant argues that plaintiff failed to give these experts a complete history of her state of health as it *712 existed prior to the accident, and that their conclusions were based on this incomplete history given them by plaintiff.
Dr. Robert Looney, a family practitioner in Lake Charles, testified for defendants. He stated that he had twice treated plaintiff in the year preceding the accident when she came to his office with complaints of low back pain. However, plaintiff denied that she had ever suffered from back pain in the history she gave Drs. Moore and Moure. Further, plaintiff failed to reveal to these physicians the fact that she had fractured her tailbone approximately one year before the accident. Both physicians testified that the medical history given them by plaintiff played a key role in the conclusions they reached as to the cause of her problems.
Dr. Looney was the first physician to examine the plaintiff after the accident. His diagnosis was that plaintiff had suffered a mild lumbosacral sprain in the accident which may have aggravated the condition which had caused her earlier back problems to a certain extent. He felt that plaintiff would recover from these injuries within four to six weeks.
Dr. Edward Phillips, Jr., an orthopedic surgeon practicing in Lake Charles, was the next physician to treat plaintiff. He examined her on February 13, 1978, and also diagnosed her problem as a mild lumbo-sacral sprain. Dr. Phillips stated that the objective test of his neurological examination failed to indicate the presence of any injury. Plaintiff saw Dr. Phillips only once.
Dr. William Foster, a neurosurgeon practicing in Lake Charles, examined the plaintiff on June 5, 1978, at the request of her attorney. He too felt that plaintiff had suffered a lumbosacral sprain during the accident but that she had completely recovered from that injury.
He was concerned, however, with plaintiff’s complaints of back pain and pain and numbness in the lower extremities. He came to the conclusion that plaintiff was suffering from nerve root irritation upon completion of his neurological examination and ordered certain tests run on plaintiff in an attempt to locate the source of her problem. These tests revealed the presence of plaintiff’s degenerative disc condition.
Dr. Foster testified that at no time did he find any indication of nerve root irritation or injury in the area of the degenerating disc, which area is where plaintiff alleges that an aggravation of a pre-existing condition took place. His opinion was that there was no aggravation of plaintiff’s pre-exist-ing disc condition and that if medical experts later found evidence of nerve root injury in that area then something had occurred after his examination to cause it.
The medical experts were in general agreement that an aggravation of a degenerative disc condition can be caused by many different things. Defendant presented evidence that plaintiff had undergone certain treatments by a chiropractor after the accident. These treatments included “adjustments and manipulations” of plaintiff’s spine in an attempt to correct what the chiropractor perceived to be an improper alignment of her spine. The medical experts, when asked if they would have recommended such treatment to their patients who suffer from a degenerative disc condition, replied that under no circumstance would they do so. They all were of the opinion that such treatment could easily aggravate the patient’s condition. Plaintiff testified that she discontinued chiropractic treatment as it was providing no relief and actually caused more pain.
We hold that the record establishes that the finding of the jury that there was no aggravation of plaintiff’s pre-existing disc condition is not clearly wrong and is fully supported by the evidence.
JURY’S FINDING THAT PLAINTIFF SUFFERED NO PERSONAL INJURIES
The jury failed to award plaintiff any damages for personal injuries, apparently finding that plaintiff suffered no injuries in the accident. Plaintiff argues that such a finding is manifestly erroneous and that this Court should proceed to award *713 plaintiff damages for personal injuries it finds plaintiff suffered as a result of the ■ accident.
The medical experts who examined plaintiff following the accident and during the time period in which an injury, such as a lumbosacral sprain, would physically manifest itself were in agreement that plaintiff had suffered that injury. They were also in agreement that pain resulting from such an injury could last for as long as three months. There was testimony from plaintiff and those who associated with her that she suffered from and complained about the pain in her back immediately following the accident.
We hold that the record establishes that the jury committed manifest error in finding that plaintiff suffered no personal injuries as a result of the accident.
PERSONAL INJURY AND PROPERTY LOSS AWARD
We have found that plaintiff received a mild lumbosacral sprain as a result of the accident and that such injury caused her pain. We have also found that plaintiff’s property was damaged by defendant’s negligent conduct. The complete record is before us and, pursuant to LSA-C.C.P. Article 2164, we are empowered with the authority to award damages where the trial court initially rendered a judgment of dismissal which is reversed. Sheppard v. Travelers Insurance Company, 333 So.2d 342 (La.App. 3 Cir. 1976); Temple v. Liberty Mutual Insurance Company, 330 So.2d 891 (La.1976).
We find that plaintiff has proved, by a preponderance of the evidence, the existence of and extent of her damages as follows:
We award plaintiff $200.00 for medical expenses and $3,500.00 for pain and suffering, mental and physical. We also award plaintiff $433.22 for damage to her property.
For the above and foregoing reasons, the judgment of the trial court is reversed, and we render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Janet Austin, and against defendants, Jo Ellen Cox and State Farm Mutual Automobile Insurance Company, jointly, severally, and in solido, in the amount of FOUR THOUSAND ONE HUNDRED THIRTY-THREE AND 22/100 ($4,133.22) DOLLARS[3] plus legal interest thereon from date of judicial demand.
Costs of this appeal and at trial level are assessed against defendants-appellees.
REVERSED AND RENDERED.

. The trial court’s judgment makes no mention of the other defendant to this action, Lumberman’s Mutual Casualty Company. There is no mention of the trial court’s disposition with respect to this defendant in the minutes of the court. However, we find this to be of no consequence as the limits of liability provided by defendant, Jo Ellen Cox’s insurer, State Farm, is well in excess of the amount awarded plaintiff.
We also note that one of plaintiff’s former attorneys, Reuvan Rougeau, intervened in this action seeking to enforce payment to him under an alleged contract to represent plaintiff. The trial court granted plaintiff’s motion to dismiss the intervention upon conclusion of the trial as intervenor failed to appear for trial.

. “Do you find that the negligence of Jo Ellen Cox was the cause-in-fact of plaintiffs injuries?
YES_ NO X
If your answer is ‘NO’ continue no further. Sign, date and return the verdict sheet. If you answer ‘YES’, answer the next question.”

. The award is based on $3,500 for pain and suffering, mental and physical, $433.22 for property damage, and $200 for medical expenses. The medical expense award is difficult to make because of the uncertainty, from the record, as to those medical expenses for the lumbosacral sprain and those for her other back complaints not connected with the accident. However, we feel that an award of $200.00 is justified.