# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-90


**JUDIE LUCAS, ET AL.**

**VERSUS**

**BELLSOUTH TELECOMMUNICATIONS, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 24,994 "B"
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**Charles Shelby Norris, Jr.**
**Attorney at Law**
**P. O. Box 400**
**Vidalia, LA 71373**
**(318) 336-1999**
**Counsel for Plaintiff/Appellee:**
**Judie Lucas**

**James Michael Percy**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309-1711**
**(318) 487-4910**
**Counsel for Defendant/Appellant:**
**BellSouth Telecommunications, Inc.**
**William K. Burlew**

**Andrew Parker Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**Counsel for Defendant/Appellant:**
**BellSouth Telecommunications, Inc.**
**William K. Burlew**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**Counsel for Intervenor/Appellee:**
**State Farm Mutual Auto Ins. Co.**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

The plaintiff, Judie Lucas (hereinafter "Lucas"), and her granddaughter, Savanna Carter (hereinafter "Carter"), were injured in an automobile accident on June 26, 2007 when William F. Burlew (hereinafter "Burlew"), rear-ended Lucas' car. At the time of the accident, Burlew was driving a truck owned by his employer, BellSouth Telecommunications, Inc. (hereinafter "BellSouth"). At trial, the parties stipulated and agreed that the accident was caused solely by the fault of Burlew, while he was in the course and scope of his employment with BellSouth. Lucas' and Carter's medical bills were also stipulated, leaving only the amount of general damages to be determined by the trial court.

After a hearing, the trial court awarded Lucas $17,500.00 in general damages and Carter $8,000.00 in general damages. BellSouth appeals, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

1.    Did the trial court err in awarding Judie Lucas $17,500.00 in general damages for injuries which resulted in six weeks of active medical treatment?

2.    Did the trial court err in awarding Savanna Carter $8,000.00 in general damages for injuries which resulted in only two days of active medical treatment?

**ASSIGNMENTS OF ERROR #1 & 2:**

BellSouth argues that the trial court abused its discretion in awarding Lucas $17,500.00 in general damages and Carter $8,000.00 in general damages. We disagree. Because the same law applies to both assignments of error, we shall address them both here.

> It is well established that when rendering a judgment on quantum based on the merits, this court has a constitutional duty to review the law and facts and determine whether the trier of fact abused the "much discretion" that the law accords it in awarding damages. LSA-Const. art. 5, § 10(B); LSA-C.C. art. 1999; *Williams v. Exxon Corporation*, 541 So.2d 910, 918 (La.App. 1ˢᵗ Cir. 1989); *Ard v. Samedan Oil Corporation,* 483 So.2d 925 (La.1986); *Carollo v. Wilson,* 353 So.2d 249 (La.1977); *Temple v. Liberty Mutual Ins. Co.,* 330 So.2d 891 (La.1976). In the absence of manifest error, a court of appeal may not set aside a trial court's finding of fact. *Ryan v. Zurich American Insurance Company, et. al.* 2008 WL 2695914 (La.) 2007-2312 (La.7/1/08).

*Wood v. American National Property & Casualty Insurance Co.*, 07-1589, p. 5 (La.App. 3 Cir. 12/23/08), 1 So.3d 764, 769.

In analyzing the trial court's findings of fact, an appellate court must review the record in its entirety and determine: (1) whether a reasonable factual basis exists for the finding, and (2) whether, based on the record, the fact finder is clearly wrong or manifestly erroneous. *Id.*; *Rosell v. ESCO* 549 So.2d 840,844 (La.1989). Where there are two permissible views of the evidence, the court of appeal may not reverse and substitute its own discretion, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Rosell v. ESCO* 549 So.2d at 844. Thus, we will review the record to determine whether a reasonable factual basis does not exist for the trial court's damage awards and whether the trial court was manifestly erroneous.

On the day of the accident, Lucas sought treatment at the LaSalle General Hospital Emergency Room in Jena, Louisiana. LaSalle General Hospital's records indicate that Lucas complained of neck pain and headaches and was given Toradol for pain. The emergency room physician thought Lucas may have suffered neck strain and directed her to follow up with her family physician.

About a month after the accident, Lucas followed up with her family physician, Dr. Meade, who gave Lucas medication for neck pain and headaches and instructed

her to do range of motion exercises in the shower. When Lucas saw Dr. Meade again, two weeks later, he noted that her neck pain had not improved and that she had muscle spasms. Lucas was referred to a physical therapist, started on Flexeril, and directed to return in two weeks.

After starting physical therapy, Dr. Meade noted that her neck pain had improved, but that Lucas still had muscle spasms. At her final visit with Dr. Meade on October 3, 2007, Lucas' neck pain and muscle spasms had improved with physical therapy, and she was directed to continue with her medication. Lucas completed a total of twelve sessions of physical therapy over a period of six weeks, and her medical bills totaled $2,360.47.

Carter was also taken to LaSalle General Hospital on the day of the accident. Carter's medical records show an injury to her abdomen and that she complained of pain on her right side. Carter was diagnosed with a contusion to the abdomen and given Motrin for pain. The hospital also conducted a battery of CT tests, which, though normal, indicate the level of seriousness that the hospital attached to Carter's condition. The CT tests cost over $3,000.00. In addition, Lucas testified at trial that Carter had nightmares for six to seven months following the accident.

It is clear that both Lucas and Carter suffered actual injuries, underwent treatment, and incurred medical expenses as a result of the auto accident with BellSouth's employee. The injuries and medical expenses, as discussed above, indicate that the trial court was not manifestly erroneous and had a reasonable basis for its award of general damages to both Lucas and Carter.

**CONCLUSION:**

For the above-stated reasons, we affirm the decision of the trial court in all respects. All costs are to be taxed to the appellant, BellSouth**.**

**Affirmed.**