ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE PER CURIAM I ⅜WRIT GRANTED IN PART. This wrongful death and survival action was brought as a result of a horrendous accident wherein decedent, Aaron “Dan” Thompson, was ¿le'ctrocuted and killed after coming in contact with a live electrical wire at the Spanish Moon Bar in Baton Rouge, Louisiana. Nearly 8,000 volts of electricity flowing through the wire immediately transferred to the decedent’s body, causing his right hand to catch aflame and bum off as the electricity coursed through his body to exit out of his back. The decedent then' slumped down dead as a result of his contact with the wire. A jury awarded $450,000 in survival damages in addition to wrongful death damages. The court of appeal vacated the jury’s award for survival damages. Survival damages may be awarded for the pre-death mental and physical pain and suffering of the deceased. Temple v. Liberty Mut. Ins. Co., 330 So.2d 891 (La. 1976). A jury may award damages for pain and suffering in a survival action where there is the smallest amount of evidence of pain, however‘brief, on the part of the deceased, based on his actions or otherwise. Leary v. State Farm Mut. Auto. Ins. Co., 07-1184 (La. App. 3 Cir. 3/5/08), 978 So.2d 1094, 1098, writ denied, 08-0727 (La. 5/30/08), 983 So.2d 900; Etcher v. Neumann, 00-2282 (La. App. 1 Cir. 12/28/01), 806 So.2d 826, 840, writ denied, 02-0905 (La. 5/31/02), 817 So.2d 105; Patrick v. Employers Mut. Gas. Co., 99-94 (La. App. 3 Cir. 8/11/99), 745 So.2d 641, 652, writ denied, 99-2661 (La. 11/24/99), 750 So.2d 987. In vacating the jury’s award of survival damages, the majority, of the court of appeal found the record provided no discern-able basis for finding: the decedent suffered. We disagree. As Judge Whipple correctly noted in her dissent: Both the bar owner and the other witness testified that the decedent began shaking after clutching the wire, and that this went on for what seemed like .“a long time.” And while his voluntary grasp of .the wire soon became or resulted in an involuntary clutching of the Wire, it is undisputed that the decedent remained'.standing.throughout his electrocution, and slumped only after his hand was completely burned away. Thompson v. Crawford, 15-1957 (La. App. 1 Cir. 7/12/17), 223 So.3d 1163, 1174. (Whipple,dissenting). We agree with Judge Whipple that “the plaintiff produced evidence which was sufficient to establish, by more than a scintilla, that the decedent suffered for some.period of time, albeit brief, until his hand was burned off and he slumped to the ground.” Id, - Thus, we find the court of .appeal erred in vacating the jury’s award of survival damages. For these reasons, we grant the plaintiffs writ application in part and reinstate the jury’s award of $450,000 in survival damages. In all other respects, the plaintiffs writ application is denied. WEIMERj J., would grant and docket.