EDWARDS, Judge.
These suits resulted from a “near miss” accident between two large tractor-trailer vehicles at the intersection of Airline Highway and Highland Road approximately five miles south of Baton Rouge. Quality Transport, Inc. sued defendants, Younger Brothers, Inc., M & G Fleet Service, Inc., James H. Honeysuckle and Transport Insurance Company (the liability insurer), for damage to its tractor-trailer. Steven Brown filed suit against these same defendants for personal injuries sustained in the accident. Additionally Texas General Indemnity Company, Quality’s compensation insurer, sued defendants for compensation paid to Brown. The cases were consolidated for a jury trial, which resulted in a general verdict in favor of defendants. Plaintiffs appeal.
The facts indicate that the accident occurred on January 6,1976, at approximately 2:15 p. m. Brown was driving the plaintiff truck on Airline Highway from New Orleans and was going toward Baton Rouge. Honeysuckle was driving the defendant tractor-trailer on Highland and was crossing Airline in a westerly direction. Honeysuckle traversed the two northbound lanes of Airline, and slowed or stopped in the median area to let southbound traffic pass. Brown, traveling northbound, applied his brakes, swerved to the right and lost control of his rig. The two trucks did not collide, rather the plaintiff truck left the paved highway and turned over on its left side in a ditch just northeast of the intersection.
The jury verdict stated, “Judgment in favor of defendants dismissing the plaintiff’s suit.”
Once again this intermediate court is faced with the contention that the judgment below should be reversed as manifestly erroneous.
Our review of this record suggests negligence clearly on the part of the defendant driver. Therefore, in order to make sense of the jury’s verdict, we have to read into it the finding that the plaintiff was also negligent.
*1044 On appeal, a case is reviewed, not retried. Mulcahy v. State, Department of Corrections, 334 So.2d 509 (La.App. 1st Cir. 1976). Were we deciding this suit, we would have difficulty in finding contributory negligence. However, Canter v. Koehring Company, 283 So.2d 716 (La.1973) and the cases thereunder, command that the jury’s verdict should not be disturbed unless there is no reasonable evidentiary basis for the jury’s conclusions.
Honeysuckle testified that he stopped before entering the intersection; that he looked south toward New Orleans; that his view was unobstructed for approximately a quarter of a mile; and that he did not see any northbound vehicles on U.S. 61. On the other hand, Brown testified that he was only 40-50 yards from the intersection when Honeysuckle pulled out suddenly. Brown’s estimate of such a short distance is inconsistent with the physical evidence of skid marks of approximately 235 feet and with the testimony of the other witnesses.
The jury could reasonably have refused to believe Brown’s testimony. Therefore, there is a factual basis in the record to support the jury’s verdict.
Plaintiff, Brown, also contends that the trial court erred 1) in permitting motion pictures admitted into evidence to be repeated in the presence of the jury, and 2) in allowing counsel for defendants to make prejudicial statements to the jury in closing argument.
The record reflects that because the lights in the courtroom could not be dimmed, the motion pictures were shown in a nearby kitchen. There was no objection to this or to the absence of the trial judge from the room during the showing of the films. Upon returning to the courtroom counsel for Brown objected to the manner in which the films were shown. The objection was overruled.
There is nothing in the record, aside from counsel’s objection, to indicate exactly what occurred during the showing of the film. This lack of evidence makes it impossible to say that the trial court’s actions in overruling counsel’s objection was error.
Brown also attacks defense counsel’s closing argument.
We note that no objection was made to the closing argument in the trial court. Counsel’s failure to object to the statements that he alleges were prejudicial constitutes a waiver of his right to complain of them on appeal. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976).
For the above reasons, the judgment appealed is affirmed at plaintiffs’ costs.
AFFIRMED.