ON REMAND FROM SUPREME COURT OF LOUISIANA
EDWARDS, Judge.
These consolidated cases are before us on remand from the Louisiana Supreme Court, so that we might reconsider our earlier opinion[1] in light of the ruling in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In Arceneaux the Supreme Court noted, what it termed, a “widespread misunderstanding” of its holding in Canter v. Koehring Company, 283 So.2d 716 (La.1973), concerning the standard of appellate review of facts vis-a-vis the doctrine of manifest error. The Supreme Court in an attempt to correct this misconception held: “Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” 365 So.2d 1330, 1333.
What we did in these eases, although prior to Arceneaux, was precisely that procedure.
The jury trial in these consolidated cases resulted in a general verdict in favor of the defendants. No reasons were assigned to support this verdict or the judgment.
On appeal, we concluded, based on a careful reading of the entire record, that 1) there was evidence establishing that the defendant driver, Honeysuckle, was negligent and 2) the jury must have found that the plaintiff driver, Brown, was contributo-rily negligent.
We stated in our original opinion at page 1044:
“Honeysuckle testified that he stopped before entering the intersection; that he looked south toward New Orleans; that his view was unobstructed for approximately a quarter of a mile; and that he did not see any northbound vehicles on U.S. 61. On the other hand, Brown testified that he was only 40-50 yards from the intersection when Honeysuckle pulled out suddenly. Brown’s estimate of such a short distance is inconsistent with the physical evidence of skid marks of approximately 235 feet and with the testimony of the other witnesses.”
The jury, we believe, must have rejected Brown’s version of the accident, particularly his testimony that Honeysuckle pulled out so suddenly when he (Brown) was in such close proximity to the intersection that he could not safely pass in the outside lane. Also, the jury apparently accepted Honeysuckle’s testimony that he entered the highway after observing that no northbound vehicles were approaching; that he pulled his truck into the median up to the edge of the southbound lanes; and that Brown could have safely passed behind him.
We find that the jury could reasonably have refused to believe Brown in view of the apparent inconsistencies in his testimony when compared with the other evidence in the record. Additionally, we find that the factual account of the accident related by Honeysuckle provides a sufficient basis to support the jury’s determination that Brown was at fault in causing the accident.
We cannot find that the jury’s verdict is clearly wrong — manifestly erroneous.
*632 For the above reasons and the reasons expressed in our original opinion, the judgment appealed is affirmed at plaintiffs’ costs.
AFFIRMED.

. Quality Transport, Inc. v. Younger Brothers, Inc., 366 So.2d 1042 (La.App. 1st Cir. 1978).